In the Matter of Robert L. THORP, Esq., Witness-Appellant.

UNITED STATES of America, Plaintiff-Appellee,

v.

Robert L. THORP, Witness-Appellant.

No. 80–1614.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted April 16, 1981.

Decided Sept. 8, 1981.

Claudia Wilken, Wilken & Leverett, Oakland, Cal., for witness-appellant.

Eric J. Swenson, Asst. U. S. Atty., San Jose, Cal., for plaintiff-appellee.

Before TUTTLE,* DUNIWAY and ANDERSON, Circuit Judges.

PER CURIAM:

Appellant Thorp, an attorney, was found guilty of criminal contempt for his refusal to answer a question during a criminal trial. We reverse.

This controversy stems from a prior related case, *United States v. Flores,* 628 F.2d 521 (9th Cir. 1980), which we will only briefly review here. In *Flores,* the district court

---

* The Honorable Elbert P. Tuttle, Senior United States Circuit Judge for the Fifth Circuit, sitting by designation.

adjudged appellant Thorp in civil contempt as a recalcitrant witness under 28 U.S.C. § 1826 for his refusal to answer certain questions during a pretrial hearing. We affirmed that order as we determined that the claimed attorney-client privilege was not applicable under the facts of the case. *Id.* at 526.

The *Flores* case was submitted to this court on July 21, 1980, and decided on August 12, 1980. A petition for rehearing was filed on August 22, 1980. Our opinion was modified on October 9, 1980, and the petition for rehearing and rehearing en banc was denied on the same date. The mandate was issued on October 17, 1980.

In the meantime, however, on August 25, 1980, the Flores trial was recommenced, and on August 28, 1980, Thorp was once again called upon to testify. Thorp declined to answer the same question which had been asked in the earlier pretrial hearing and which was a subject of the appeal in *Flores*. Although acknowledging that our opinion in *Flores* had been filed, Thorp argued that the mandate effectuating our decision in *Flores* had not yet issued, that his petition for rehearing and rehearing en banc was still pending, and he had further certiorari rights before the United States Supreme Court.

The district court stated that Thorp's refusal to answer presented a different issue than the civil contempt in *Flores*. The district court noted that our opinion in *Flores*, which rejected Thorp's claim of attorney-client privilege, had been issued. Thus, after a recess, when Thorp refused to answer the question, the district court found Thorp guilty of criminal contempt. He was sentenced to a period of confinement of 48 hours and a fine of $500.00 was imposed. The $500.00 fine was paid immediately subject to a refund upon a reversal on appeal. Thorp was released from custody pending this appeal.

## DISCUSSION

█ When a proper notice of appeal has been timely filed, the general rule is that jurisdiction over any matters involved in the appeal is immediately transferred from the district court to the court of appeals. *G & M, Inc. v. Newbern*, 488 F.2d 742, 746 (9th Cir. 1973); *Hoffman, etc. v. Beer Drivers & Salesmen's, etc.*, 536 F.2d 1268, 1276 (9th Cir. 1976); *Petrol Stops Northwest v. Continental Oil Co.*, 647 F.2d 1005, 1010 (9th Cir. 1981). The district court is divested of authority to proceed further with respect to such matters, except in aid of the appeal, or to correct clerical mistakes, or in aid of execution of a judgment that has not been superseded, until the mandate has been issued by the court of appeals. *G & M*, 488 F.2d at 746, *citing* 9 Moore, Federal Practice ¶ 203.11; *see also Bailey v. Henslee*, 309 F.2d 840, 844 (8th Cir. 1962). While this "rule is not a creature of statute and is not absolute in character," *Hoffman*, 536 F.2d at 1276, "[i]t is judge-made doctrine designed to avoid the confusion and waste of time that might flow from putting the same issues before two courts at the same time." 9 Moore, Federal Practice ¶ 203.11 n.1.

Here, the *Flores* case was decided on August 12, 1980. Under the Federal Rules of Appellate Procedure Rule 41(a), our mandate would have issued 21 days after the entry of judgment unless the time was shortened by order. Because the trial was set to recommence on August 25, 1980, the government moved for an immediate issuance of the mandate. That motion, however, was denied.

Subsequently, on August 22, 1980, Thorp timely filed a petition for rehearing and rehearing en banc. Under Rule 41(a), such a petition stays the issuance of the mandate until the petition has been disposed of unless otherwise ordered by the court. If the petition is denied, the mandate issues 7 days after the denial unless shortened by order. The record reveals no order preventing the automatic stay of the mandate of shortening the time for the issuance of the mandate. The petition for rehearing was denied on October 9, 1980, and the mandate was issued on October 17, 1980.

█ Contrary to the intimations of the district court, it is not significant that, here, Thorp was convicted of criminal contempt

and in *Flores* he was held in civil contempt. The controversy in each instance was the same—whether pursuant to the attorney-client privilege, he could refuse to reveal whether Flores had given him the information contained in the claim letter. By refusing to answer the question and subjecting himself to a civil contempt order, Thorp had followed the proper route for obtaining appellate review of the issue. *Maness v. Meyers*, 419 U.S. 449, 460, 95 S.Ct. 584, 592, 42 L.Ed.2d 574 (1975); *Lowthian v. United States*, 575 F.2d 1292, 1293 (9th Cir. 1978). And, he was entitled to pursue his appellate remedies before being subjected to questioning on the same matter. The district court's actions, however, did not give him that opportunity.

At the time he was found guilty of criminal contempt, the mandate in *Flores* had not yet issued. The controversy regarding the applicability of the attorney-client privilege had not become final as it was still before this court on appeal. Therefore, the district court was without authority to proceed at trial with respect to the matters giving rise to the adjudication of contempt on the part of Thorp which was still on appeal, and we deem the trial court's actions in relation to the question of Thorp's being in contempt to be a nullity. *See Reserve Mining Co. v. Environmental Protection Agency*, 514 F.2d 492, 541 (8th Cir. 1975), *modified* 529 F.2d 181 (8th Cir. 1976).

Moreover, under the circumstances, Thorp was justified in refusing to answer the question posed. The failure of the district court to allow the appellate process to run its course left Thorp with no alternative but to refuse to answer if he wished to preserve the issue for appellate review. Answering the question would have rendered moot his petition for rehearing and his possible petition for certiorari.

The judgment of the district court is accordingly

REVERSED.