BOOCHEVER, Circuit Judge:
 

 This appeal arises from a dispute over a creditor’s right to foreclose on a note that secures a judgment it holds against a bankrupt debtor. After the debtor, Samuel G. Bialac, filed a petition for reorganization under Chapter 11 of the Bankruptcy Code, an automatic stay was placed on disposition of his property. The creditor, Harsh Investment Corporation, and its subsidiary, Harsh Building Co., sought relief from the stay so that they could foreclose on the note, which Harsh Building Co. had issued to Bialac years earlier. The bankruptcy court lifted the stay, and the bankruptcy appellate panel (BAP) and this court refused to stay the order pending appeal. Before Harsh Investment could foreclose on the note, however, Bialac obtained an injunction from another bankruptcy court judge restraining the sale. On appeal, the BAP vacated the second court’s injunction and upheld the first order lifting the automatic stay. Bialac’s interest in the note was then sold to Harsh Investment Corporation at a foreclosure sale.
 

 Bialac argues here that the bankruptcy court abused its discretion when it lifted the automatic stay because it erred in finding he had no equity in the note and that the note was not necessary to an effective reorganization. Bialac also argues that the BAP erred when it held that the second bankruptcy judge lacked jurisdiction to enjoin the foreclosure sale of the note. We affirm the BAP’s holdings on both lower court orders.
 

 The bankruptcy court shall lift an automatic stay under 11 U.S.C. § 362(d)(2) if it finds that the debtor has no equity in the property sought to be foreclosed upon, and that the property is not necessary to an effective reorganization.
 

 The BAP did not err in upholding the first bankruptcy court’s lifting of the automatic stay. The note would have had to exceed $448,000 in value for Bialac to have an equity in it. All the testimony clearly indicated that Bialac had no equity in the note. The court’s reference to the fact that the note did not exceed $615,807 was based on an expert’s testimony theorizing on the note’s value if a 10 percent discount rate were used. The witness said that he did not know anyone who would buy such a note, even at a rate of 20
 
 *627
 
 percent. All the testimony clearly indicated that the note’s value was far less than the $448,000 judgment. The court did not err in concluding that Bialac had no equity in the note.
 

 Moreover, the bankruptcy court did not abuse its discretion by determining the value of the note rather than leaving its interpretation to be determined “more thoughtfully” elsewhere. Bialac misunderstands the nature of a § 362(d) hearing. It is true that “the desired expedition of stay litigation ... may not always be conducive to any final determination of questions going to the merits which are so serious, substantial, difficult and doubtful as to make them fair ground for litigation and thus for more deliberative investigation.”
 
 United Companies Financial Corp.
 
 v.
 
 Brantley,
 
 6 B.R. 178, 187 (Bkrtcy.N.D.Fla.1980) (Citations omitted). When a debtor’s affirmative defenses and counterclaims, however, directly involve the question of the debtor’s equity, they should be heard in the stay proceeding.
 
 Id.
 
 at 187. When they do not, they should be tried separately.
 
 In re Born,
 
 10 B.R. 43 (Bkrtcy.S.D.Tex.1981). In the meantime, however, the stay proceeding is not halted.
 
 See id.; United Companies Financial Corp., supra,
 
 and
 
 see also Greylock Glen Corp. -v. Community Savings Bank,
 
 656 F.2d 1 (1st Cir.1981). Thus, it was within the bankruptcy court’s discretion to consider the construction of the note’s payment terms in the § 362(d) proceeding if they were important to the issue of valuation.
 
 [1]
 

 Because we affirm the holding that Bia-lac had no equity in the note, we also affirm the holding of the bankruptcy court that the note was not necessary to an effective reorganization.
 

 Finally, we affirm the BAP’s order vacating the injunction ordered by the second bankruptcy court. That court lacked jurisdiction because the issues before it were the same as those presented at the trial for relief from the automatic stay. The only difference was that counsel was attempting to develop further the contention that ownership of the note was necessary to an effective reorganization. The pending appeal divested the lower court of jurisdiction to proceed further in the matter.
 
 See In re Thorp,
 
 655 F.2d 997 (9th Cir.1981) (per curiam);
 
 Petrol Stops Northwest v. Continental Oil Co.,
 
 647 F.2d 1005, 1010 (9th Cir.1981). Even though a bankruptcy court has wide latitude to reconsider and vacate its own prior decisions, not even a bankruptcy court may vacate or modify an order while on appeal.
 
 In re Combined Metals Reduction Go.,
 
 557 F.2d 179, 200-01 (9th Cir.1977).
 
 [2]
 

 AFFIRMED.
 

 [1]
 

 . The Senate Committee considering the provisions of Section 362, stated:
 

 The action commenced by the party seeking relief from the stay is referred to as a motion to make it clear that at the expedited hearing under subsection (e), and at hearings on relief from the stay, the only issue will be the lack of adequate protection, the debtor’s equity in the property, and the necessity of the property to an effective reorganization of the debtor, or the existence of other cause for relief from the stay. This hearing will not be the appropriate time at which to bring in other issues, such as counterclaims against the creditor, which, although relevant to the question of the amount of the debt, concern largely collateral or unrelated matters.... Those counterclaims are not to be handled in the summary fashion that the preliminary hearing under this provision will be. Rather, they will be the subject of more complete proceedings by the trustee to recover property of the estate or to object to the allowance of a claim. However, this would not pre-elude the party seeking continuance of the stay from presenting evidence on the existence of claims which the court may consider in exercising its discretion. What is precluded is a determination of such collateral claims on the merits at the hearing.
 

 S.Rep. No. 989, 95th Cong., 2d Sess. 55,
 
 reprinted in
 
 1978 U.S.Code Cong. & Ad.News 5787, 5841;
 
 see also
 
 H.R.Rep. No. 595, 95th Cong., 2d Sess. 344,
 
 reprinted in
 
 1978 U.S.Code Cong. & Ad.News 5963, 6300-6301.
 

 [2]
 

 . If indeed the just-completed reorganization plan was evidence that might have altered the outcome of the initial stay proceeding, Bialac should have asked, the trial court if it would entertain or grant a motion under Fed.R.Civ.P. 60(b) to grant relief from the initial order, and then, if the lower court indicated it would entertain such a motion, applied to this court for a remand.
 
 Crateo, Inc. v. Intermark, Inc.,
 
 536 F.2d 862, 869 (9th Cir.1976).