SPAGNOL ENTERPRISES, INC., Murrycrest Apartments, Inc., Grandview Village, Inc., Warehouse Rentals, Inc. S.B.H., Inc., Murraysville Rentals, Inc., and A.J. Spagnol Lumber and Building Supply, Inc., Plaintiffs-Appellees,

v.

ATLANTIC FINANCIAL FEDERAL SAVINGS ASSOCIATION and Greensburg Savings, Defendant-Appellant.

DELMAR LEASING CORPORATION, Plaintiff-Appellee,

v.

ATLANTIC FINANCIAL FEDERAL SAVINGS ASSOCIATION and Greensburg Savings, Defendant-Appellant.

Civ. A. Nos. 83–1556, 83–1557.

United States District Court, W.D. Pennsylvania.

Sept. 7, 1983.

Hillard Kreimer, Pittsburgh, Pa., for plaintiffs-appellees.

Kenneth P. Simon, Pittsburgh, Pa., for defendant-appellant Atlantic Financial Federal Savings and Loan Ass'n.

OPINION

WEBER, District Judge.

This is an appeal by secured creditors from an Order of the Bankruptcy Court enjoining them from proceeding against property of the debtors. This injunctive order was necessary in order to preserve the

status quo after the automatic stay expired under 11 U.S.C. § 362(e). Appellants contend that the Bankruptcy court did not have the power to issue an injunction following expiration of the automatic stay, that debtors were not entitled to relief, and that the Bankruptcy Court failed to make proper findings to support the injunction.

We conclude that the Bankruptcy Court has the power to issue an injunction to cure expiration of the automatic stay. However, this power must be exercised in accord with Fed.R.Civ.P. 65, and the record here does not contain the findings necessary to issuance of an injunction under the Rule. The remaining matters raised on appeal are properly determined in the first instance by the Bankruptcy Court after a hearing or submission of evidentiary materials. Accordingly, the Bankruptcy Court's order will be reversed and the matter is remanded for the purpose of completing the inquiry required by Fed.R.Civ.P. 65, and addressing the issues raised by appellants as to the debtor's entitlement to relief.

## FACTS

The debtors are eight independent corporate entities related by common ownership. Proceedings in the Bankruptcy Court were consolidated.

Appellants are secured creditors and on April 27, 1982 began foreclosure proceedings against the debtors in the Court of Common Pleas of Allegheny County. Debtors filed petitions for relief under Chapter 11 of the Bankruptcy Code on May 17, 1982. On June 29, 1982, appellants requested relief from the automatic stay. A hearing on appellants' request was set for October 12, 1982 and then postponed to November 9, 1982.

Prior to November 9, 1982, appellants cancelled the hearing and took the position that the stay had terminated and the relief requested was no longer necessary. Debtors filed motions for injunctive relief on November 12, 1982 and appellants answered on April 5, 1983. The Bankruptcy Court granted debtors' motions on May 5, 1983 and enjoined any proceeding against debtors' property. This appeal followed.

## ANALYSIS

The filing of a petition in bankruptcy invokes the protection of 11 U.S.C. 362(a) and stays actions against the debtor's property with certain exceptions. A party in interest may request relief from the stay under § 362(d). By the terms of § 362(e) the automatic stay will terminate of its own accord if no action has been taken within thirty days following the request for relief from stay.

It is apparent from the undisputed facts of record that the automatic stay has expired in the instant case. Appellants filed a request for relief from stay on June 29, 1982. No hearing was scheduled until October 1982 and even this was further postponed.

The Bankruptcy Court however issued an injunction on May 5, 1983 which has essentially the same effect as the automatic stay. Appellants contend that this order was void and of no effect because the Bankruptcy Court has no power to order a stay which has already been terminated by operation of Section 362(e). We conclude otherwise.

The injunctive power of the Bankruptcy Court is not limited to the operation of the automatic stay. Section 105(a) of the Code empowers the Bankruptcy Court to issue such orders as are necessary to accomplish the purposes of the Bankruptcy Code. This includes injunctive powers. See, *In re Spier Aircraft Corp.*, 137 F.2d 736 (3d Cir.1943).

Appellants argue that Section 362, and its sister provision Rule 4001 of the Interim Bankruptcy Rules, provide the only means for instituting, continuing and terminating a stay of action against a debtor's property. While this provision does define operation of the automatic stay it does not purport to be the exclusive vehicle for protecting a debtor's property in furtherance of orderly bankruptcy administration. *Memphis Bank & Trust Co. v. Brooks,* 10 B.R. 306, 308 (W.D.Tenn.1981).

Faced with this same situation other courts have concluded that the Bankruptcy Court may enjoin action against the property of the debtor after expiration of the automatic stay under § 362(e), particularly where necessary to cure inadvertent lapse of the statutory thirty day period or to insure orderly administration of the debtor's estate. *Id.,* at 308; *In re Codesco, Inc.,* 24 B.R. 746, 751 (Bkrtcy.S.D.N.Y.1982); *In re Sandmar Corp.,* 16 B.R. 120, 122 (Bkrtcy. D.N.M.1981); *In re Kleinsasser,* 12 B.R. 452, 454 (Bkrtcy.D.S.D.1981); *In re Fulghum Construction Corp.,* 5 B.R. 53 (Bkrtcy.M.D. Tenn.1980); *In re Walker,* 3 B.R. 213 (Bkrtcy.W.D.Va.1980); *In re Feimster,* 3 B.R. 11 (Bkrtcy.N.D.Ga.1979).

█ The expiration of the stay in the instant case was apparently inadvertent and appellants have not contended otherwise. Furthermore, the debtors have been engaged in efforts to create an acceptable reorganization plan. It is clear to us on this record, as it was to the Bankruptcy Court, that protection of the subject property is necessary to any viable reorganization. Consequently, the Bankruptcy Court was well within its power in issuing the subject order.

However, the injunctive power of the Bankruptcy Court is not unbridled. Rule 765 of the Rules of Bankruptcy Procedure provides that Fed.R.Civ.P. 65 is applicable in adversary proceedings. Rule 65(d) sets forth the requisite elements of an injunctive order. Also, Bankruptcy Rule 752, which substantially follows Fed.R.Civ.P. 52, requires the court to make findings of fact.

█ The record of the proceedings below is simply inadequate to comply with the above-mentioned rules. The Bankruptcy Court made no specific findings of fact or conclusions of law. The order contains an insufficient statement of the reason for issuance of the injunction. Intelligent appellate review requires a properly developed record and some stated rationale for the lower court's action. Neither is available here. Therefore, remand is necessary for findings of fact and conclusions of law in accordance with the appropriate rules.

█ Further illustration for the necessity of an adequate record is found in two issues raised on appeal by the appellants. It is argued that debtors are not entitled to the injunctive relief they have received because (1) they are proceeding in bankruptcy in bad faith, and (2) there is no possibility of approval of any reorganization plan. Neither of these issues was properly litigated below and we are simply unable on this record to resolve these questions. These matters are properly presented to the Bankruptcy Court in the first instance, particularly in light of the factual nature of the inquiries.

## CONCLUSION

The Bankruptcy Court has failed to make the requisite findings and its order of May 5, 1983 must be reversed. The matter will be remanded for further proceedings consistent with this opinion.