In the Matter of URBAN DEVELOP-
MENT LIMITED, INC., Debtor.

URBAN DEVELOPMENT LIMITED,
INC., Plaintiff,

v.

HERNANDO NEW YORK
ASSOCIATES, Defendant.

Bankruptcy No. 82–2551.
Adv. No. 84–47.

United States Bankruptcy Court,
M.D. Florida,
Tampa Division.

Feb. 21, 1984.

Shirley C. Arcuri, Tampa, Fla., for plaintiff.

Judith W. Simmons, Tampa, Fla., for defendant.

## ORDER ON MOTION TO DISMISS

ALEXANDER L. PASKAY, Chief Judge.

THIS IS a Chapter 11 case and the matter under consideration is a Motion to Dismiss the above-styled adversary proceeding.

The Motion is challenging this Court's subject matter jurisdiction and also contends that the complaint fails to state a claim for which relief can be granted. The complaint filed by Urban Development Limited, Inc. (the Debtor) consists of two counts. In Count I the Debtor seeks injunctive relief in order to prohibit the continuation of a state court foreclosure proceeding against the real properties of the Debtor. In Count II the Debtor seeks authority to sell certain real property owned by the Debtor, encumbered by a mortgage, free and clear of the mortgage lien held by Hernando New York Associates (Associates). In order to place the matter under consideration in proper focus, a brief summary of the relevant facts as they appear from the record is in order and they can be stated as follows:

The Debtor is a corporation engaged in land development and is the legal title holder of a large tract of land located in Hernando County, Florida. Associates is the holder of a duly recorded first mortgage on part of the Debtor's land holdings securing an indebtedness in the amount of $1,650,-000, plus accrued interest, costs and attorney fees. On December 2, 1982, the Debtor filed its Petition for Relief under Chapter 11 of the Code. At the time the Petition for Relief was filed, the first mortgage held by Associates was already in default and Associates had already filed a foreclosure action in the Circuit Court in and for the Fifth Judicial Circuit of the State of Florida. Of course, the foreclosure action came to an abrupt halt due to the intervention of the Debtor's Petition for Relief which triggered the automatic stay imposed by § 362(a)(2) of the Bankruptcy Code.

On February 18, 1983, Associates filed a complaint and sought relief from the automatic stay. In due course, the matter was set down for final evidentiary hearing and at the conclusion of same, the matter was taken under advisement.

On August 2, 1983, this Court entered its Memorandum Opinion which found and concluded, inter alia, that under the applicable legal principles, Associates is entitled to be relieved from the automatic stay. Accordingly, on August 2, 1983, this Court entered a Final Judgment and removed the automatic stay and authorized Associates to proceed in the state court and to conclude its foreclosure action.

On August 10, 1983, the Debtor filed a Motion for Rehearing and a Motion for New Trial. These Motions were heard in due course and by an order entered on January 3, 1984, were denied.

On January 13, 1984, the Debtor filed a Notice of Appeal and designated only the complaint, the answer, the Order on the complaint, Motion for Rehearing and Order on the same.

The adversary proceeding sought to be dismissed was filed by the Debtor on January 30, 1984. Because of the possibility of an immediate entry of a summary judgment by the state court in the foreclosure action after the hearing set for February 10, 1984, the Debtor sought an emergency hearing.

The complaint under challenge alleges that the Debtor obtained a contract for the sale of part of its land holdings; the closing is now scheduled for February 17, 1984;

that unless this Court grants the injunctive relief sought, the Debtor will be irreparably harmed because the proposed sale will be lost and the property will not bring fair market value at a foreclosure sale and the foreclosure sale might result in a substantial deficiency claim against the Debtor.

There is no allegation in the complaint that there is newly discovered evidence which indicates that the Debtor now has meaningful substantial equity in the subject property or that the property is needed for effective reorganization, both issues previously considered by this Court and resolved adversely to the Debtor.

In Count I, the Debtor seeks leave to sell the property under contract free and clear of Associate's liens transferring the same to the sale proceeds and determine the proper amount for the partial release of the mortgage liens of Associates. The Debtor does not state that it will satisfy the mortgage debt in full and it is clear that it will not and cannot do so even if the sale is approved. In Count II, the Debtor seeks an injunction prohibiting Associates to proceed with the foreclosure action.

The Complaint is challenged by Associates on the dual grounds that this Court lacks subject matter jurisdiction and in any event the Complaint fails to state a claim for which relief can be granted. Thus, according to Associates, the Motion to Dismiss should be granted and the Complaint should be dismissed pursuant to F.R.C.P. 12(b)(1) and (6), as adopted by Bankruptcy Rule 7012(b)(1) and (6).

In support of its challenge of this Court's jurisdiction, Associates points out that filing of a Notice of Appeal divested this Court of any jurisdiction over the controversy relating to the subject property. *In re Bialac*, 694 F.2d 625 (9th Cir.1982); *In re Exennium*, 715 F.2d 1401 (9th Cir.1983). The Ninth Circuit in *Bialac* affirmed an order of the Bankruptcy Appellate Panels which vacated an injunction granted by the Bankruptcy Court prohibiting a creditor from foreclosing on a note. In so doing, the Court of Appeals stated:

"... That court lacked jurisdiction because the issues before it were the same as those presented at the trial for relief from the automatic stay. The only difference was that counsel was attempting to develop further the contention that ownership of the note was necessary to an effective reorganization. The pending appeal divested the lower court of jurisdiction to proceed further in the matter ..."

The same Court of Appeals followed *Bialac* in *Exennium, supra* by holding that in the absence of a stay, an order cannot be collaterally attacked when the order is on appeal.

The Debtor cited no authority to the contrary, but relies on a footnote in *Bialac* where the Court of Appeals indicated that while injunctive remedy was inappropriate, the Debtor may possibly seek relief under F.R.C.P. 60(b) which permits under appropriate circumstances to grant relief from a judgment or order. The Debtor's reliance on this footnote is misplaced and the language in the footnote furnished scant, if any, support for the Debtor. There is nothing in this footnote which takes away anything from the vitality and force of the holding of the Court which clearly stands for the proposition that pendency of an appeal divests the bankruptcy court of any jurisdiction dealing with the controversy involved in the appeal and the appeal process cannot be halted by injunction issued by the Court whose decision is the subject of the appeal.

■ Based on the foregoing, there is hardly any doubt that filing the Notice of Appeal effectively divested this court of jurisdiction over any controversies relating to the issues involved in the appeal. This conclusion is well supported not only by authorities, but also by logic. In order to assure that the integrity of the appeal process is preserved, it is imperative that once the appeal is lodged, the lower court should not take any action which in any way would interfere with the appeal process and with the jurisdiction of the appeal court. The application of these basic and

seemingly simple principles in the context of an ordinary civil litigation, with precise well defined issues, is not difficult. This is not the case, however, in the context of a bankruptcy case with myriad issues, many totally unrelated and unconnected with the issues involved in any given appeal taken by a litigant in the course of the administration of a case. These propositions can be illustrated by the very matter under consideration.

█ The Order involved in the pending appeal resolved only three narrow issues. First, that the Debtor does not have equity in the subject property; second, that the subject property is not needed for effective reorganization; and third, that the Debtor was not in the position to furnish adequate protection to Associates. The Order sought to be appealed did not resolve any other issues and most importantly, it did not adjudicate any controversies between the parties on merits, but resolved only that Associates has a right to proceed and to foreclose its mortgage lien on the real property owned by the Debtor. When one considers the relief sought by the Debtor in the light of the foregoing, it is obvious that this Court should not interfere with the appeal process and entertain any request the Debtor which either directly or indirectly touches upon the issues involved in the pending appeal. Precisely this is the ratio decidendi of *Bialac* and its progeny, *Exennium, supra* and which would compel a denial of the injunctive relief sought by the Debtor in this instance. This conclusion is inescapable when one considers the ensuing result if the injunctive relief is granted which would prohibit Associates to pursue its foreclosure action, the very right if obtained from this Court where the stay was lifted, the right challenged by the appeal of the Debtor. Thus, it is clear that if this court would grant the injunctive relief sought by the Debtor, this would in effect not only frustrate but for all practical purposes moot out the appeal and would, in fact, serve as a substitute for the appeal process. There is no basis in the law or logic to accept this proposition. On the contrary, it is expressly prohibited by case law. *See, Bialac, supra; In re Thorp,* 655 F.2d 997 (9th Cir.1981); *Petrol Shops Northwest v. Continental,* 647 F.2d 1005–1010 (9th Cir.1981). While the bankruptcy court has a wide latitude to reconsider and vacate its own prior decisions, it may not do anything which has any impact on the order on appeal. *In re Combined Metals Reduction Co.,* 557 F.2d 179 (9th Cir.1977).

This leaves for consideration the Debtor's claim for relief set forth in Count I of its complaint in which it seeks authority to sell part of the subject property free and clear of the lien of Associates. It is the contention of Associates that the very basis which commands a denial of the injunctive relief sought by the Debtor equally compels a denial of the relief sought by the Debtor in Count I, i.e. authority to sell free and clear. At first blush, it appears that under the teaching of *Bialac,* the pendency of the appeal would also operate as a divesture of subject matter jurisdiction over the subject property, thus, prevent this Court to consider the relief sought by the Debtor in Count I of the Complaint. This is exactly the proposition urged by Associates asserting that under the teachings of *Bialac, supra* and *Exennium, supra* this Court lacks jurisdiction to grant the relief sought by the Debtor in Count I of the Complaint. When one considers the issues involved in the appeal and in the claim for relief raised by the Debtor in Count I of the Complaint, it should be apparent that the principles enunciated by the cases cited by Associates, all of which prohibits any injunctive relief against a foreclosure action after the automatic stay was removed by the Bankruptcy Court have no relevance to the right of a Debtor to sell property of the estate free and clear of liens.

The right of a Debtor in a relief Chapter case to sell properties of the estate is expressly authorized by § 363 of the Code. The Section also authorizes a sale free and clear of liens and encumbrances provided the Debtor meets one of the pre-conditions required by § 363 of the Bankruptcy Code. One of the required pre-conditions is a showing that the holder of the lien can be

compelled in a legal or equitable proceeding to accept money satisfaction for the interest being removed from the subject property. The fact that the automatic stay was removed by this Court does not mean that the subject property is no longer property of the estate. On the contrary, the subject property is still property of the estate, thus subject to sale by the Debtor. In the process of passing on the right of a Debtor to sell properties of the estate, the Court is not called upon to consider any of the issues which are involved in a stay litigation and in an appeal, i.e. lack of adequate protection, lack of equity and lack of need to preserve the property for any effective reorganization. This being the case, there is hardly any question that a debtor may sell properties of the estate either subject to or free and clear of only after the stay was removed, so long the property remains the property of the estate notwithstanding the pendency of a foreclosure proceeding.

For these reasons, this Court is satisfied that the pendency of the appeal has no impact on the jurisdiction of this Court to consider a request by the Debtor to sell property of the estate free and clear and this Court is satisfied that the jurisdictional challenge of Associates on the claim for relief of the Debtor set forth in Count I of the Complaint is without merit and should be denied.

Associates also seeks a dismissal of the Complaint on the ground that the complaint fails to state a claim for which relief could be granted. This challenge is primarily directed to the Debtor's request to sell free and clear of liens. In this connection, Associates urges that the doctrine of res judicata would warrant to deny this relief also. Recognizing as it must that res judicata is an affirmative defense, Associates urges nevertheless that this Court should take judicial notice of its own records and dismiss this Count of the Complaint on this ground. While there is no doubt that this Court may, and if requested, must take judicial notice of its own record, *United States v. Doss*, 563 F.2d 265, 269, n. 2, 285,

n. 5 (6th Cir.1977), there is nothing in this record which would warrant a dismissal on this ground.

Accordingly, it is

ORDERED, ADJUDGED AND DECREED that the Motion to Dismiss filed by Hernando New York Associates be, and the same hereby is, granted as to Count II of the Complaint and the same be, and the same hereby is, dismissed. It is further

ORDERED, ADJUDGED AND DECREED that the Motion to Dismiss as to Count I be, and the same hereby is, denied and the Defendant shall have 15 days from the date of entry of this Order to file an Answer to Count I of the Complaint. It is further

ORDERED, ADJUDGED AND DECREED that in the event the answer is filed the matter shall be scheduled forthwith for a pre-trial conference.