**In re Jack SYKES, t/a Sykes Builders, Debtor.**

**Bankruptcy No. 7-81-00482.**

United States Bankruptcy Court, W.D. Virginia, Abingdon Division.

Sept. 30, 1985.

Robert T. Copeland, Abingdon, Va., and James E. Nunley, Bristol, Va., for debtor.

MEMORANDUM OPINION
AND ORDER

H. CLYDE PEARSON, Bankruptcy Judge.

The Debtor, by Counsel, has filed a motion requesting the Court to reinstate the automatic stay of 11 U.S.C. § 362 to prevent lienholders from selling or otherwise disposing of certain real property. The issue for determination is whether the Court has authority to reinstate the § 362 automatic stay, or the Debtor must pursue another remedy.

Section 362(c) outlines the duration of the stay in bankruptcy proceedings. It states, in part, that:

"...(1) The stay of an act against property of the estate under sub-section (a) of this section continues until such property is no longer property of the estate; and

(2) The stay of any other act under sub-section (a) of this section continues until ...

(c) If the case is ... a case under Chapter 9, 11, or 13 of this Title, the time a discharge is granted."

The Debtor's Chapter 11 Plan was confirmed by this Court on March 12, 1985. Under § 1141(b), confirmation of a Plan vests all of the property of the estate in the debtor. Thus, upon confirmation, there is no longer "property of the estate" and, under the provisions of Section 362(c)(1), the stay is terminated. Furthermore, Section 1141(d)(1)(A) provides that confirmation of a Plan discharges a debtor. Consequently, under Section 362(c)(2)(C), on confirmation of the Plan, the stay would no longer be in existence.

In *In re Paradise Valley Country Club*, 31 B.R. 613 (D.Colo.1983), the United States District Court for the District of Colorado cited with approval the conclusion of the bankruptcy court that "since confirmation of a Chapter 11 Plan has the dual effect of revesting the debtor with title to its property and discharging the debtor from all dischargeable pre-petition debts, *there can be no further application of the automatic stay subsequent to confirmation*". *Id.* at 615 (emphasis added).

Upon investigation, this Court has found no authority which grants a bankruptcy court the ability to reinstate a stay which has properly terminated. However, pursuant to § 1142(b), the Court has continued jurisdiction of a case to oversee execution of a confirmed Plan. Moreover, under § 105 and *Rule* 3020(d) of the *Rules of Bankruptcy Procedure*, the Court may issue any Order necessary or appropriate to

administer the estate. In *Spagnol Enterprises, Inc. v. Atlantic Financial Federal Savings Assoc.*, 33 B.R. 129 (W.D.Pa.1983), the District Court recognized that a bankruptcy court has power to issue an injunction following expiration of an automatic stay. *Id.* at 131 [injunction with respect to termination of automatic stay under Section 362(e) ]. This power must be exercised in accord with *Rule* 65 of the *Federal Rules of Civil Procedure*, which is made applicable to bankruptcy proceedings by *Rule* 7065 of the *Rules of Bankruptcy Procedure. Spagnol Enterprises, supra,* at 131.

In light of these findings, given that the automatic stay of § 362 has terminated, the Debtor's motion to reinstate the automatic stay is DENIED. The Debtor's proper remedy is to seek injunctive relief to prevent the lienholders from selling or otherwise disposing of the real property pursuant to *Federal Bankruptcy Rule* 7001(7) and 11 U.S.C. § 105. So ORDERED.