In re KENDRICK EQUIPMENT CORPORATION, 2443 W. Front Street, Richlands, VA 24641, Debtor.

INGERSOLL–RAND FINANCIAL CORPORATION, Movant,

v.

KENDRICK EQUIPMENT CORPORATION, Respondent.

Bankruptcy No. 7–85–01184–A.

United States Bankruptcy Court, W.D. Virginia, Abingdon Division.

May 13, 1986.

Copeland, Molinary & Bieger, Abingdon, Va., for debtor/respondent.

Matthew J. Cody, Jr., Lebanon, Va., for movant.

## MEMORANDUM OPINION AND ORDER

H. CLYDE PEARSON, Bankruptcy Judge.

The issue presented is whether this Court may grant the Debtor's motion to reimpose the automatic stay of 11 U.S.C. § 362 in the above-styled Motion which has been appealed.

Briefly stated, the facts appear as follows. The Debtor, Kendrick Equipment Corporation, filed its Chapter 11 petition in this Court on October 18, 1985. On November 29, 1985, the Movant, Ingersoll-Rand Financial Corporation, filed the above-styled Motion requesting relief from the stay to dispose of property in which it had a perfected security interest. Following hearing on February 28, 1986, the Motion was taken under advisement. On March 7, 1986, the Court entered an Order granting relief from the stay, finding that on the evidence presented, the subject property was not needed for an effective reorganization. Counsel for the Debtor timely filed a Notice of Appeal and a motion for stay pending appeal pursuant to *Bankruptcy Rule* 8005. On March 13, 1986, this Court entered an Order denying the Debtor's motion for stay pending appeal.

On April 23, 1986, the United States District Court for the Western District of Virginia issued a Memorandum Opinion and Order affirming this Court's March 7, 1986 Order granting relief from the stay. Thereafter, on April 28, 1986, Counsel for the Debtor filed with this Court a Notice of Hearing and a motion requesting this Court to reimpose the § 362 automatic stay, alleging a substantial change of conditions since the original hearing for relief. At hearing on April 29, 1986, this Court noted that the District Court Order of April 23, 1986 would not be final until May 5, 1986, and the matter was continued to May 6, 1986.

On May 6, 1986, the District Court entered an Order staying its February 23, 1986 Order (which affirmed this Court's granting of relief from the stay) until May 23, 1986 and granted Counsel leave to move the District Court for reconsideration at any time prior thereto. *See Bankruptcy Rule* 8017(b). Following hearing in this Court, the Debtor's motion to reimpose the stay was taken under advisement.

This Court has previously considered the authority to reimpose the automatic stay of 11 U.S.C. § 362 in *In re Sykes,* 53 B.R. 107 (Bankr.W.D. VA 1985). However, the *Sykes* Opinion addressed the provisions of § 362(c) as they relate to a Debtor whose

**358**

Plan had been confirmed. The case now before the Court is factually and procedurally distinct in that there is no confirmed Plan and this Court's Order granting relief from the stay is now on appeal.

The procedural posture of this case is more closely analogous to that of *In re Bialac,* 694 F.2d 625 (9th Cir.1982). In *Bialac,* a creditor sought relief from the stay to foreclose on a note securing a judgment it held against the Debtor. The Bankruptcy Court granted relief, and the Bankruptcy Appellate Panel and the Ninth Circuit Court of Appeals refused to stay the Order pending appeal. Thereafter, the Debtor sought and obtained an injunction from another Bankruptcy Court Judge restraining sale of the note. On appeal, the Bankruptcy Appellate Panel vacated the injunction of the second Bankruptcy Judge and the Debtor appealed the vacation of the Appellate Panel's Order to the Ninth Circuit.

In considering the matter, the Ninth Circuit concluded that the second Bankruptcy Court lacked jurisdiction to issue an injunction because the issues before it were the same as those presented at trial in the original instance for relief from the stay. 694 F.2d at 627. The pending appeal of the original Order granting relief from the stay divested the lower court of jurisdiction to proceed further in the matter. *Id.* Citing *In re Thorp,* 655 F.2d 997 (9th Cir.1981) (per curiam); *Petrol Stops Northwest v. Continental Oil Co.,* 647 F.2d 1005, 1010 (9th Cir.1981). The court concluded that while the Bankruptcy Court has wide latitude to reconsider and vacate its own prior decisions—*Pfister v. Northern Illinois Financial Co.,* 317 U.S. 144, 63 S.Ct. 133, 87 L.Ed. 146 (1942)—"not even a Bankruptcy Court may vacate or modify an Order while on appeal". 694 F.2d at 627; *In re Combined Metals Reduction Co.,* 557 F.2d 179 (9th Cir.1977). *See also Matter of Urban Development Ltd., Inc.,* 42 B.R. 741 (Bankr.M.D. FL 1984) (Bankruptcy Court may not do anything which has any impact on the Order on appeal.)

■ The rule is well established that the taking of an appeal transfers jurisdiction from the Bankruptcy Court to the Appellate Court with regard to any matters involved in the appeal and divests the Bankruptcy Court of jurisdiction to proceed further with such matters. *In re Hardy,* 30 B.R. 109 (Bankr.S.D. OH 1983); *In re Bialac,* 15 B.R. 901, 903 (Bankr. 9th Cir.1981); *In re Butcher Boy Meat Market, Inc.,* 10 B.R. 258, 259 (Bankr.E.D. PA 1981). *See also In re Form-Eze Systems, Inc.,* 25 B.R. 590 (Bankr.D. NM 1982); *In re Hart,* 24 B.R. 821, 826 (Bankr.E.D. VA 1982); *In re Air Vermont, Inc.,* 47 B.R. 537 (Bankr.D. VT 1985); *Matter of Eddis,* 37 B.R. 217 (E.D. PA 1984).

Pending an appeal, the jurisdiction of the Bankruptcy Court terminates in the same fashion as the jurisdiction of a District Court terminates on an appeal to a Court of Appeals. *Matter of Excavation Construction, Inc.,* 8 B.R. 752, 760 (D. MD 1981), and the cases cited therein. *See also Lewis v. Tobacco Workers' International Union,* 577 F.2d 1135 (4th Cir.1978), *cert. denied,* 439 U.S. 1089, 99 S.Ct. 871, 59 L.Ed.2d 56 (1979) (District Court loses jurisdiction to amend or vacate Order granting injunctive relief after Notice of Appeal has been filed); 9 Moore's *Federal Practice,* § 203.11 at 3–44 (1985). The divestment of jurisdiction is a judicial rule to avoid confusion and waste of time that might flow from putting the same issue before two courts at the same time. *In re Thatcher,* 24 B.R. 764, 765 (Bankr.E.D. CA 1982). In order to assure the integrity of the appeal process, it is imperative that the lower court take no action which might in any way interfere with the jurisdiction of the appeal court. *Matter of Urban Development, supra.*

■ The Debtor comes to this Court requesting that the automatic stay be reimposed. When the motion was originally made, the District Court had rendered a decision, but its Order was not final. Since that time, the District Court, pursuant to its Order of May 6, 1986, has kept the matter before it until May 23, 1986 for

possible reconsideration. In effect, the appeal is still pending in that court. The relief sought by the Debtor addresses the status of the automatic stay, a matter specifically involved in the appeal taken to the District Court. Reimposition of the automatic stay would in effect prevent the Movant from taking appropriate action, the very right it obtained from this Court when the stay was lifted. This Court should not entertain any request which touches directly or indirectly on the issues presented in the appeal or which might otherwise interfere with the integrity of the appeal process. Accordingly, in light of the authority presented, we conclude that this Court is precluded from proceeding with the Debtor's motion of April 28, 1986 to reimpose the automatic stay. It is so ORDERED.