In re **FARGO FINANCIAL,
INC., Debtor.**

**TESORO SAVINGS & LOAN
ASSOCIATION, Movant,**

v.

**FARGO FINANCIAL, INC., Respondent.**

**Bankruptcy No. 86–08185.**

United States Bankruptcy Court,
N.D. Georgia,
Atlanta Division.

March 26, 1987.

Edward I. Greenblatt, Lipshutz, Frankel, Greenblatt & King, Atlanta, Ga., for debtor/respondent.

Grant T. Stein, Alston & Bird, Atlanta, Ga., for movant.

1. The Court notes that the file-stamp date of this Order is January 7, 1986 whereas the Order was

Rufus T. Dorsey, IV, Parker, Hudson, Rainer & Dobbs, Atlanta, Ga., for Third Nat. Bank, et al.

## ORDER

STACEY W. COTTON, Bankruptcy Judge.

Before the Court is Tesoro Savings & Loan Association's ("Tesoro") Motion to Clarify or Modify Order. Tesoro filed their motion on January 15, 1987. In the motion Tesoro requests this Court to clarify or modify certain language in the final paragraph on page 11 of this Court's Order filed January 7, 1986.[1] The Third National Bank in Knoxville and Panelized Technology, Inc. d/b/a Paneltech ("claimants") filed a Notice of Appeal of the subject order on January 14, 1987 and filed a Brief in Opposition to the present motion on January 26, 1987. The basis for their opposition is the assertion that this Court lacks jurisdiction to modify the Order of January 7, 1987.

## CONCLUSIONS OF LAW

Due to the procedural posture of this case, the Court must initially determine whether it properly has jurisdiction in order to grant the relief requested by Tesoro. Claimants argue that the filing of their notice of appeal before Tesoro filed its motion divested jurisdiction of this matter from this Court and placed in the district court. Tesoro maintains, however, that the filing of a notice of appeal cannot be allowed to defeat the rights of an appellee under Fed.R.Civ.P. 59(e).

■ Claimants assert that an appeal immediately divests from the deciding court jurisdiction to proceed further in a matter when such an appeal is taken from a final order. *See Ingersoll-Rand Financial Corp. v. Kendrick Equipment Corp. (In re Kendrick Equipment Corp.),* 60 B.R. 356 (Bankr.W.D.Va.1986); *Urban Development Ltd. v. Hernando New York Associates (In re Urban Development Ltd.),* 42 B.R. 741 (Bankr.M.D.Fla.1984); *Excava-*

signed by the undersigned on January 5, 1987. The Court will treat the Order as filed in 1987.

*tion Construction, Inc. v. Mack Financial Corp. (In re Excavation Construction, Inc.),* 8 B.R. 752, 760 (D.Md.1981). The purpose of this rule is to avoid confusion and waste of judicial time by placing the same matter before two courts at the same time. *Kendrick, supra,* 60 B.R. at 358. Further, the rule is designed to assure the integrity of the appeal process.

Tesoro contends that an appellee is entitled to file a motion to alter or amend judgment pursuant to Fed.R.Civ.P. 59(e) even after the filing of a notice to appeal. As long as the Rule 59(e) motion is filed within the prescribed time limits, the appellant "runs the risk that ... [the appellate court's] jurisdiction over his appeal will be divested by the other party's filing a Rule 59(e) motion, as he is entitled to do, within the same 10–day period." *Western Industries, Inc. v. Newcor Canada Limited,* 709 F.2d 16, 17 (7th Cir.1983). *See also Portis v. Harris County, Texas,* 632 F.2d 486 (5th Cir.1980) (Unit A); 9 J. Moore, B. Ward & J. Lucas *Moore's Federal Practice* ¶ 204.12 [1] (2d ed. 1986).

Bankruptcy Rule 8002(b) governs the effect of a timely filed motion under Rule 9023, which adopts Fed.R.Civ.P. 59, on the time for appeal. This rule states that the time for appeal runs from entry of the order deciding such motion. The Advisory Committee Notes indicate that Rule 8002(b) is essentially the same as Fed.R.App.P. 4(a)(4). *See also Mike v. Glendale Federal Savings & Loan Association (In re Mike),* 796 F.2d 382 (11th Cir.1986). Rule 8002(b) provides in part that "[a] notice of appeal filed before the disposition of ... [a Rule 59 motion] shall have no effect; a new notice of appeal must be filed."

The United States Supreme Court addressed the effect of Fed.R.App.P. 4(a)(4) in the case of *Griggs v. Provident Consumer Discount Co.,* 459 U.S. 56, 103 S.Ct. 400, 74 L.Ed.2d 225 (1982) (per curiam). In that decision the Court ruled that pursuant to the 1979 amendment to that rule, a notice of appeal is premature and a nullity when filed while a timely Rule 59 motion is pending. Accordingly, without the filing of a timely notice of appeal, the appellate court lacks jurisdiction to act. That case concerned a notice of appeal filed subsequent to a motion to alter or amend but in construing Fed.R.App.P. 4(a)(4) the Court concluded as follows:

In 1979, the Rules were amended to clarify both the litigants' timetable and the courts' respective jurisdictions. The new requirement that a district court 'transmit forthwith' any valid notice of appeal to the court of appeals advanced the time when that court could begin processing an appeal. Fed. Rule App. Proc. 3(d). At the same time, in order to prevent unnecessary appellate review, the district court was given express authority to entertain a *timely* motion to alter or amend the judgment under Rule 59, *even after* a notice of appeal had been filed. Fed.Rule App. Proc. 4(a)(4).

459 U.S. at 59, 103 S.Ct. at 402 (emphasis supplied). Had this been the only change in the rule, the Court noted, the inconsistency of the district courts and the courts of appeals both having jurisdiction to modify the same judgment would have grown to significant dimensions.

■ To remedy this, the 1979 amendments deprived the courts of appeals of jurisdiction in such situations. *Id.* at 59–60, 103 S.Ct. at 402–03. As explained in the Advisory Committee Notes:

The proposed amendment would make it clear that after the filing of the specified post trial motions, a notice of appeal should await disposition of the motion.... [I]t would be undesirable to proceed with the appeal while the district court has before it a motion the granting of which would vacate or alter the judgment appealed from.... The present rule [pre–1979], since it provides for the 'termination' of the 'running' of the appeal time, is ambiguous in its application to a notice of appeal filed *prior* to a post trial motion *filed within* the 10 day limit. The amendment would make it clear that in such circumstances the appellant should not proceed with the appeal during pendency of the motion but should file a new notice of appeal after the motion is disposed of.

28 U.S.C. app.—Rules of Appellate Procedure (1982) (emphasis supplied). Further, the Court cited with approval Professor Moore's treatise in which it is stated that a timely filed Rule 59(e) motion causes a previously filed notice of appeal to self-destruct. *Griggs, supra,* 459 U.S. at 60–61, 103 S.Ct. at 403–04, citing 9 J. Moore, B. Ward & J. Lucas, *Moore's Federal Practice* ¶ 204.12[1], at 4–65 n. 17 (2d ed. 1982). Accordingly, there is no jurisdiction in the appeals court and it revives in the district court. 9 *Moore's Federal Practice* ¶ 203.-11, at 3–50 (2d ed. 1986).

■ Claimants contend, however, that Tesoro's present motion was not brought pursuant to Rule 59(e) and is not in the nature of such a motion. Contrary to this assertion, the Court finds and concludes that the present motion is in substance a motion under Rule 59(e). The basis for the requested relief is that certain phraseology used by the Court in reducing its oral ruling into written form on page 11, final paragraph, does not clearly reflect the intent of the Court. As such, this motion does draw into question the correctness of the judgment and functions as a Rule 59(e) motion to alter or amend. *See 9 Moore's Federal Practice* ¶ 204.12[1], at 4–67.

Further, the relief requested does not concern the mere rectification of a purely clerical error but instead seeks correction and clarification of an error of substantive judgment. *See Harcon Barge Co. v. D & G Boat Rentals, Inc.,* 784 F.2d 665, 669 (5th Cir.1986). In the instant case, the language used by the Court at the hearing and in the order may reasonably be construed as creating a cloud on the post-foreclosure title to the subject property. This interpretation does not reflect the Court's intended adjudication and determination of the subordination claims of the claimants.

*Kendrick,* previously cited by claimants, relies on the Ninth Circuit decisions of *Bialac v. Harsh Investment Corp.* (*In re Bialac*), 694 F.2d 625 (9th Cir.1982) and *United States v. Thorp* (*In re Thorp*), 655 F.2d 997 (9th Cir.1981), in support of the proposition that upon the filing of a notice of appeal, a trial court loses the power to reexamine the appealed order. *Kendrick* and *Thorp* both cite 9 *Moore's Federal Practice* ¶ 203.11, at 3–44, as authority for this divestment rule. Upon further examination of this source, this Court finds that it stands for the proposition, consistent with the Supreme Court's ruling in *Griggs, supra,* that the 1979 amendment to Fed.R. App.P. 4(a)(4) altered this rule. *See 9 Moore's Federal Practice* ¶ 203.11, at 3–44 to 3–50.

Based upon the above-cited authority and discussion, the Court concludes that it does have jurisdiction to hear and consider Tesoro's timely filed motion to clarify or modify order. The Court finds that by permitting a trial court to retain jurisdiction to modify its own order pursuant to Bankruptcy Rule 8002(b), a truly final order may be entered by that court and unnecessary appeals are thereby prevented. The Court will next address the merits of this motion.

Pursuant to Rule 59(e), applicable herein by Bankruptcy Rule 9023, a court may alter or amend a judgment after its entry upon a timely motion. Tesoro claims that an amendment to the language in this Court's Order of January 7, 1987 is necessary to correct that Order's failure to reflect the Court's intention as expressed during the December 23, 1986 hearing. Specifically, Tesoro states that inclusion of the phrase "and lien" in the final paragraph of the Order may have the unintended effect of placing a cloud on the post-foreclosure title to the property and prejudice the effect of foreclosure on liens which are junior to Tesoro's. At the December 23 hearing the Court, in part, stated as follows:

At this time, I am persuaded that the court should not interfere with the continuance of the foreclosure proceeding, and I will deny the motion to the extent that it would seek to prevent that occurring.

On the issues relating to escrowing of the funds or conveyance or making the conveyance of a title subject to defeasance by this court, I will deny the motion.

I will, however, make it a, or I will include language within my order to the effect that it is without prejudice to the rights and interests of the parties, of the moving parties here.

Transcript, page 38, lines 22–25, page 39, lines 1–7.

The Court finds and concludes that a modification of the Order of January 7, 1987 is appropriate so that this Order will reflect the intended adjudication by this Court of the issues presented at the hearing held on December 23, 1986. Accordingly, it is

ORDERED that the final order paragraph of the Order of this Court, filed January 7, 1987, is hereby ALTERED and AMENDED as follows:

The final paragraph of the Order is STRICKEN and the following language shall be inserted in lieu thereof and incorporated as a part of that Order:

FURTHER ORDERED that this Court's Order granting relief from the stay, any foreclosure of Tesoro's alleged interest in the apartments and any application of the proceeds of the sale or credit to any portion of Tesoro's alleged claim is without prejudice to the rights of Fargo, any subsequent trustee, creditors or any other parties-in-interest and shall not constitute a defense to any claim for damages or equitable subordination of Tesoro's alleged claim to or lien on the property prior to foreclosure of the property by Tesoro, or its successors in interest, or in the event of a foreclosure of the property, to the proceeds of such property.

Based upon this Court's ruling on this Rule 59(e) motion, the clerk of the bankruptcy court is hereby DIRECTED to transmit forthwith a copy of this Order to the Clerk of the district court in connection with the pending notice of appeal. Bankruptcy Rule 8002(b).

IT IS SO ORDERED.