978 F.2d 715
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Milton G. PACE, Claimant-Appellant,
v.
Norma J. HURT, Debtor-Appellee.
 No. 91-16364.
 United States Court of Appeals, Ninth Circuit.
 Submitted Oct. 22, 1992.*
Decided Nov. 2, 1992.
 
 Before SNEED, BEEZER and WIGGINS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Milton G. Pace appeals pro se the district court's order affirming the bankruptcy court's decision sustaining Chapter 11 debtor and Pace's ex-wife, Norma J. Hurt's objection to Pace's claim and dismissing the claim with prejudice. Pace claimed that Hurt was jointly liable with him for certain default judgments obtained against him following the dissolution of their marriage. Pace contends that the district court erred by finding that the bankruptcy court had jurisdiction to sustain debtor Hurt's objection to Pace's claim because the validity of the claim is pending on appeal from an adversary proceeding in which Pace's claims against Hurt were dismissed. We have jurisdiction to review district court orders affirming decisions of the bankruptcy court under 28 U.S.C. § 158(d), and we reverse.
 
 
 3
 * Background
 
 
 4
 In 1977, Pace and Hurt were divorced. Hurt received several parcels of real property in the divorce settlement. Subsequent to the divorce, several creditors obtained default judgments for debts accrued by Pace and Hurt prior to the divorce. To collect on these judgments, the creditors filed claims against the real property awarded to Hurt in the divorce proceedings, and subsequently filed an involuntary petition in bankruptcy against Hurt in 1985. Pace asserted a claim as a creditor in the bankruptcy proceedings. Pace did not assert that he was owed a debt by Hurt, but rather only that Hurt was jointly liable for the other creditors' claims against Pace.
 
 
 5
 In January 1990, Hurt filed an adversary proceeding in bankruptcy court to quiet title to the real property. On April 3, 1990, Pace's claim in the adversary proceeding was dismissed with prejudice by the bankruptcy court. Pace appealed this judgment to the Bankruptcy Appellate Panel (BAP) on April 13, 1990. On June 4, 1990, while Pace's appeal was pending before the BAP, Hurt filed an objection to Pace's claim and a motion to dismiss it with prejudice. On August 30, 1990, the bankruptcy court sustained Hurt's objection and dismissed Pace's claim with prejudice. The court found that Pace's claim was without merit because he was neither a creditor nor an indentured trustee representing creditors. Pace appealed the bankruptcy court's August 30, 1990 decision to the district court claiming that the bankruptcy court was without jurisdiction to rule on Hurt's objection because Pace's April 13, 1990 appeal to the BAP regarding the validity of his claim was pending at that time.
 
 II
 DISCUSSION
 A. Standard of Review
 
 6
 We review determinations regarding the bankruptcy court's jurisdiction de novo. Piombo Corp. v. Castlerock Properties (In re Castlerock Properties), 781 F.2d 159, 161 (9th Cir.1986).
 
 B. Merits
 
 7
 Pace argues that his appeal to the BAP from the dismissal of his claim in the adversary proceeding deprived the bankruptcy court of jurisdiction to reconsider the validity of that claim when Hurt filed her objection. We agree.
 
 
 8
 "The general rule is that once a notice of appeal has been filed, the lower court loses jurisdiction over the subject matter of the appeal." Bennett v. Gemmill (In re Combined Metals Reduction Co.), 557 F.2d 179, 200 (9th Cir.1977). "Even though a bankruptcy court has wide latitude to reconsider ... its own prior decisions, not even a bankruptcy court may ... modify an order while on appeal." Bialac v. Harsh Inv. Corp. (In re Bialac), 694 F.2d 625, 627 (9th Cir.1982). Thus, the bankruptcy court lacks jurisdiction to reconsider in a subsequent action those issues on appeal to the BAP from the bankruptcy court's order in a prior action. See id.
 
 
 9
 Here, in the adversary proceeding, Pace's claim against debtor Hurt's estate was dismissed with prejudice. Pace appealed this dismissal to the BAP. While this appeal was pending, the bankruptcy court, in response to Hurt's objection to and motion to dismiss Pace's claim, again dismissed Pace's claim with prejudice. Pace appealed the second dismissal to the district court claiming that the bankruptcy court no longer had jurisdiction to address the validity of Pace's claim. The district court found that because issues different from those on appeal to the BAP were presented in Hurt's motion, and because no stay pending appeal had been filed, the bankruptcy court had jurisdiction to issue its second order of dismissal.
 
 
 10
 Hurt argues that the issues addressed in both of the bankruptcy court's orders are different. Hurt claims that the adversary proceeding decided the validity of Pace's claim, while the subsequent motion to dismiss the claim "relates to the legal question whether or not he can file a claim, and/or if a claim could be filed, has it been superceded by the actual creditor filing its own claim." We find Hurt's distinction of the issue in both proceedings to be illusory. Both orders decided the validity of Pace's claim. Once the bankruptcy court's dismissal of Pace's claim in the adversary proceeding was appealed to the BAP, the bankruptcy court lacked jurisdiction to reconsider the validity of Pace's claim in Hurt's subsequent motion to dismiss Pace's claim. See In re Bialac, 694 F.2d at 627. Accordingly, the district court erred by finding that the bankruptcy court had jurisdiction to consider Hurt's motion to dismiss Pace's claim.
 
 
 11
 REVERSED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3