62 F.3d 1425
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
In re Samuel H. RUDNICK and Phyllis Rudnick, Debtors.
Benjamin W. ALLUSTIARTE; Linda M. Allustiarte; Gregory R.
Allustiarte, Appellants,
v.
Samuel H. RUDNICK, and Pearl Phyllis Rudnick, Trustees-Appellees.
 No. 93-17274.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 15, 1995.*
Decided Aug. 3, 1995.
 
 Before: GOODWIN, FARRIS and KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 In this appeal, the Allustiartes contend that the bankruptcy court lacked jurisdiction to decide the validity of their claims after they filed an appeal of the bankruptcy court's confirmation of the Third Amended Plan of Reorganization. Before the bankruptcy court, the Allustiartes argued only that the court lacked jurisdiction. The bankruptcy court rejected the argument that it lacked jurisdiction, held an adversarial proceeding, and found that the claims were moot and were also barred by either res judicata or collateral estoppel. On appeal to the Bankruptcy Appellate Panel, the Allustiartes also made additional substantive arguments. The Bankruptcy Appellate panel rejected the argument that the Bankruptcy court lacked jurisdiction and refused to address the substantive arguments raised for the first time on appeal. We affirm.
 
 
 3
 The Allustiartes argue that the approval of a confirmation plan divests the bankruptcy court of jurisdiction of adversarial proceedings on disputed claims. They base their argument on the general rule that the filing of an appeal divests a court of jurisdiction to proceed with the matters raised in the appeal. In re Bialac, 694 F.2d 625, 627 (9th Cir.1982) (bankruptcy court may not vacate or modify an order while an appeal is pending); In re Combined Metals Reduction Co., 557 F.2d 179, 200-01 (9th Cir.1977). However, an appeal from an order does not deprive jurisdiction of matters not resolved in that order. See, e.g., In re Wade, 115 B.R. 222, 230 (9th Cir.Bankr.App.Panel 1990). Here the bankruptcy court made a temporary determination placing the value of the claims at $0.00, as specifically provided by Federal Rule of Bankruptcy Procedure 3018. This finding did not purport to be a final determination of the validity of the claims.
 
 
 4
 Since the bankruptcy court had not finally determined the merits of the claims, this issue was not the subject of appeal and was not removed from the bankruptcy court's jurisdiction by the appeal.
 
 
 5
 The Allustiartes make numerous substantive arguments that the district court erred in finding the claims invalid. These arguments were not raised before the bankruptcy court. The Allustiartes instead relied on their contention that the bankruptcy court lacked jurisdiction. We need not address arguments raised for the first time on appeal. Abex Corp. v. Ski's Enterprises, Inc., 748 F.2d 513, 516 (9th Cir.1984). The Allustiartes argue that departure from this rule is appropriate. Discretionary departure from this rule may be appropriate when the following factors exist: (1) it is necessary to prevent a miscarriage of justice, (2) a new issue arises on appeal because of a change in law, (3) the issue present is one of law and further development of the factual record is not necessary. Bolker v. Commissioner, 760 F.2d 1039, 1042 (9th Cir.1985). The district court correctly found that none of these factors are present. The Allustiartes' claims were barred by either res judicata or collateral estoppel.
 
 
 6
 This appeal is frivolous. We take judicial notice that more than 40 appeals have been generated by the Allustiartes in the Rudnick and Allustiarte bankruptcies. That is an unreasonable burden on the Rudnick bankruptcy estate and this court. Rule 38 provides:
 
 
 7
 If a court of appeals determines that an appeal is frivolous, it may, after a separately filed motion or notice from the court and reasonable opportunity to respond, award just damages and single or double costs to the appellee.
 
 
 8
 Fed.R.App.P. 38 (emphasis added); see also 28 U.S.C. Sec. 1912. The Allustiartes shall pay double costs and $500 as partial attorneys' fees to appellee unless, within thirty days, they show cause why sanctions should not be imposed.
 
 
 9
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3