McLEAN THOMAS, INC., Plaintiff,

v.

FLR COMPANY, INC., Defendant.

In re FLR COMPANY, INC., Debtor.

Bankruptcy No. 85–1160.
Motion No. 85–4586.
Civ. A. No. 86–2136.

United States District Court,
W.D. Pennsylvania.

Nov. 3, 1987.

Jack L. Getman, Goldman, Costa, Getman & Biryla, Buffalo, N.Y., David Rudov, Pittsburgh, Pa., for plaintiff McLean.

Gary Short, Pittsburgh, Pa., for defendant FLR Co. Inc.

## MEMORANDUM OPINION

COHILL, Chief Judge.

Presently before the Court is an appeal from an Order, dated May 7, 1986, of the United States Bankruptcy Court for the Western District of Pennsylvania. By that Order, the appellant McLean Thomas, Inc. ("McLean") was denied relief from the stay afforded by 11 U.S.C. § 362 and relating to the pending bankruptcy proceedings of debtor FLR Company, Inc. ("FLR") under Chapter 11. McLean sought relief in order to foreclose on certain mechanic's liens

against real property of Bethlehem Steel Corporation ("Bethlehem") located in the State of New York. For the reasons provided below, we will affirm the Order of the Bankruptcy Court.

*Background*

McLean is a materialman which supplied materials to debtor FLR, for use by FLR in construction and maintenance of a Bethlehem plant in Lackawanna, Erie County, New York. Sixteen other New York materialmen and laborers also supplied material and labor to FLR for this job. FLR has sent invoices to Bethlehem in the approximate amount of $94,000 for FLR's work on the plant.

FLR commenced a Chapter 11 bankruptcy proceeding in this District on May 23, 1985. On May 31, 1985, McLean filed a mechanic's lien pursuant to New York law in the sum of $175,765.33 in the County of Erie, New York. New York lien law enables a materialman to acquire a mechanic's lien on real property which has been improved by the materials he has supplied. N.Y. Lien Law § 3. Where, as in this case, the materials in question are provided pursuant to contract with a contractor—here, FLR—the lien secures payment from any balance due by the property owner under the owner's contract with the contractor. *See* N.Y. Lien Law § 4. Thus, McLean is seeking satisfaction of its lien from the approximately $94,000 which Bethlehem purportedly holds and owes to FLR (the "Bethlehem funds"). The sixteen other materialmen also filed mechanic's liens under New York law. These purportedly total $284,494.40. Only one of these materialmen, Harvey Myers & Sons, Inc., filed its mechanic's lien action prior to the commencement of the FLR Chapter 11 proceeding.

On November 8, 1985, McLean, filed a motion pursuant to 11 U.S.C. § 362, requesting relief from the automatic stay afforded by § 362. McLean represented in this motion that it was acting as lead counsel for six of the other sixteen materialmen and asked relief for itself as well as these other six. Motion for Relief from Stay, ¶ 6. The Motion was docketed by the United States Bankruptcy Court for the Western District of Pennsylvania on November 12, 1985. In essence, McLean sought to lift the stay on the grounds that FLR has no interest in the property or funds which are the subject of the mechanic's liens. McLean also argued that its lien would be forfeited unless an action is commenced to enforce the lien. Motion for Relief from Stay, ¶¶ 7, 8. On February 19, 1986, a hearing was held on said Motion for Relief from the Stay. On May 7, 1986, the Bankruptcy Court issued an order denying the request for relief from the stay, except for the limited purpose of recording a lis pendens in New York State, Judge Cosetti speaking as follows for the Bankruptcy Court:

> The Motion of McLean Thomas, Inc. for Relief from Stay to permit various mechanic liens to commence lien foreclosure action in New York state is denied at this time and continued.
>
> The Movant is granted relief from stay for the limited purposes of recording a lis pendens in New York in order to toll the running of the New York statute. The Movant is granted permission to commence the mechanic lien foreclosure action as an Adversary Proceeding in this Court and/or to file a claim reciting such a mechanic lien in this case.
>
> In this case there are mechanic lien actions pending in New York, Indiana and Maryland. The mechanic lien laws are not similar. Bethlehem Steel Corporation has the right to set off in New York state. The Debtor has limited resources to defend. The Debtor is required to defend. Relief from Stay in each of these state actions could produce inconsistent and conflicting results.

Order of Court, May 7, 1986.

It is from this Order that present appeal was filed.

*Discussion*

Appellant McLean argues that the Bankruptcy Court erred in seven areas in denying its request for relief from stay. In two related arguments McLean contends that the Bankruptcy Court acted outside its authority in denying McLean's request as: (1)

a final hearing on the request was held over 30 days after the filing of the request, whereby the stay was automatically terminated by operation of 11 U.S.C. § 362(e) as to the property in question; and (2) a final decision was rendered over 30 days after the hearing, whereby Bankruptcy Rule 4001 requires that the stay be terminated as to the requested relief.

Appellant next argues that the Bankruptcy Court's Order did not include proper or sufficient grounds upon which to deny the request for relief from stay, insofar as no finding was made that FLR has an interest in the funds being held by Bethlehem or that such property was necessary for an effective reorganization. Appellant further argues that the concerns expressed by the Bankruptcy Court for possible inconsistent and conflicting results in related state actions are without basis as the funds in question are not part of the FLR's bankruptcy estate and the Bankruptcy Court therefore does not have jurisdiction over this controversy. Finally, appellant questions the finding that Bethlehem has the right to set off in New York State. McLean argues that under New York lien law, its mechanic's lien has highest priority with respect to the funds being held by Bethlehem, and that Bethlehem cannot set off against any amount of that fund securing the lien. In support of this latter contention, McLean directs our attention to N.Y. Lien Law §§ 70–72, which acts to create a trust fund out of money held by a property owner to which the lien described §§ 3 and 4 has attached. The property owner becomes trustee of the funds and must hold the funds in trust for the mechanic's lienholder, thereby preventing the funds from being applied to other debts or obligations.

McLean, by its fourth assignment of error, expounds upon its claims that FLR has no property interest here. It argues that the trust fund just described has been created by the filing of the mechanic's liens, and that since the liens total $284,494.40 while Bethlehem holds only $94,000.00 owing to FLR, all of this $94,000.00 is now held in trust for the lienholders. Accordingly, McLean argues, FLR no longer has any property interest in the Bethlehem funds and these funds, therefore, are not property of FLR's estate.

McLean's fifth argument on appeal flows from its claims that the Bethlehem funds are not part of FLR's estate. McLean contends that as no property of FLR's estate is involved here, McLean cannot be said to be seeking a proceeding against the debtor within the meaning of the stay created by § 362(a). Thus, the appellants claim, the automatic stay does not even apply here.

McLean's sixth issue on appeal questions the Bankruptcy Court's allowance for McLean to record a lis pendens in New York to toll the limitations period relating to the mechanic's liens. N.Y. Lien Law § 17 (mechanic's lien expires one year from the date of its filing). McLean argues that the Bankruptcy Court's written order was ineffective as it did not allow a complaint to be filed with the notice of pendency, nor did the order allow for service of a summons as required by New York law.

McLean's final assignment of error addresses the question of whether the Bankruptcy Court had jurisdiction to act in this dispute. McLean contends that issues concerning the mechanic's liens are "related proceedings" with respect to FLR's bankruptcy, not "core proceedings," and that therefore the Bankruptcy Court was not entitled under 28 U.S.C. § 157(b) to make a final order. The appellant further contends that as its motion is a related proceeding concerning state law, 28 U.S.C. § 1334(c)(2) requires the federal courts to abstain from hearing the issues concerning the mechanic's liens. We will address these jurisdictional issues first, as they are determinative of whether we in turn have jurisdiction to consider the other issues on appeal.

### A. Jurisdiction

■ We find that the Bankruptcy Court had jurisdiction to consider the appellant's claims and deny the request for relief from stay. We disagree with McLean's characterization of the mechanic's liens as concerning "related proceedings." FLR has questioned the assertion that these liens

amount to $284,494.40. Indeed, while FLR admits that some Bethlehem funds may be deemed trust funds under New York law, it has argued that Bethlehem's trust fund liability is much less than its indebtedness to FLR. Answer to Motion for Relief from Stay, ¶ 7. And FLR has initiated an adversary action in the bankruptcy proceeding to determine the amount of any trust fund, and, consequently, the amount of any money remaining from the $94,000.00 in question to which FLR is entitled. *Id.* at ¶ 8.

Thus, McLean's request for relief from stay raises an issue as to the amount of both McLean's and FLR's interest in the Bethlehem funds. McLean has a trust claim at this point, but no more. *See* N.Y. Lien Law § 77 ("A trust arising under the article may be enforced by the holder of any *trust claim* ...") (emphasis added). Some adjudication of this claim need occur before a specific trust fund amount is separated from FLR's estate. As such, McLean's request for relief concerns the "allowance or disallowance of claims against [FLR's] estate;" can be properly designated as a "[motion] to terminate, annul, or modify the automatic stay;" and accordingly involves a core proceeding. 28 U.S.C. § 157(b)(2)(B) and (G).

Therefore, we conclude that the Bankruptcy Court had jurisdiction to enter its Order. We further find that the Bankruptcy Court will also have jurisdiction to make the determination of the McLean trust fund amount. "It is a rare case when [a federal bankruptcy court is] presented with novel, unsettled issues of state law which could possibly infringe on the comity between [a] federal court and the prerogatives of a state court having concurrent jurisdiction." *In re Franklin Computer Corp.*, 50 B.R. 620, 626 (Bankr.E.D.Pa.1985). At least one federal bankruptcy court has already applied principles of the New York lien laws in question, *see In re Grosso*, 9 B.R. 815 (Bankr.N.D.N.Y.1981), and we find no reason to invoke principles of abstention in this case. We note McLean's concern that under New York lien law, an action to foreclose on a mechanic's lien can only be brought in the county in which the property in question is located. *See* N.Y. Lien Law § 41 and N.Y.Civ.Prac.L. & R. § 507. However, we do not see how these New York statutory requirements would prevent the Bankruptcy Court from recognizing and applying New York lien law to make an initial determination as to the validity of the materialmen's claims and any trust fund amount.

**B. Authority of the Bankruptcy Court**

■ In response to McLean's arguments that the automatic stay has terminated with respect to its claims, due to the Bankruptcy Court's failure to act within required time periods, FLR first contends that the 30-day periods governing a bankruptcy court's scheduling of a final hearing on a request for relief from stay and the subsequent time in which to render a decision are not applicable in this case as McLean's motion was not properly presented to the Bankruptcy Court. More specifically, FLR directs our attention to the fact that McLean's motion was signed and presented by Attorney Jack L. Getman, who was not admitted to practice before the Western District of Pennsylvania until after the motion was filed. Further, FLR notes that the order to admit Mr. Getman was not entered *nunc pro tunc.* Therefore, FLR claims, the original motion cannot be recognized. We disagree, not only because the Bankruptcy Court impliedly gave retroactive effect to its order of admission by basing a hearing and the order from which the present appeal derives on McLean's motion, but because FLR also recognized McLean's motion in responding to it without contesting its validity.

■ However, we find that despite the running of the thirty-day periods in question, the Bankruptcy Court retained authority to issue its order denying relief from stay pursuant to 11 U.S.C. § 105. Section 105(a) provides that "[t]he [bankruptcy] court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." This Court recently recognized that § 105(a) gives a bankruptcy court broad equitable powers to correct inadvertent lapses of the automatic stay. *See In re*

*Wheeling–Pittsburgh Steel Corp.*, 67 B.R. 735, 738 (W.D.Pa.1986). Here, no one has claimed that the automatic stay lapsed other than inadvertently. Thus, the Bankruptcy Court had authority to, in effect, issue an injunction to cure expiration of the automatic stay.

C. Bankruptcy Court Findings of Fact.

McLean has argued that even if the Bankruptcy Court possessed authority to act under § 105(a) such authority was improperly exercised. In *Spagnol Enterprises v. Atlantic Financial Federal Savings Assn.*, 33 B.R. 129 (W.D.Pa.1983), Judge Weber of this Court remanded a bankruptcy court order entered pursuant to § 105, stating that:

> [T]he injunctive power of the Bankruptcy Court is not unbridled. Rule 765 of the Rules of Bankruptcy Procedure provides that Fed.R.Civ.P. 65 is applicable in adversary proceedings. Rule 65(d) sets forth the requisite elements of an injunctive order. Also, Bankruptcy Rule 752, which substantially follows Fed.R.Civ.P. 52, requires the court to make findings of fact.

*Id.* at 131. McLean contends that the Bankruptcy Court failed to make findings of fact necessary to support an injunction. █ We disagree. We find that the Bankruptcy Court provided findings of fact adequate to support an injunction, and, further that such findings are not clearly erroneous. *See In re Philadelphia Athletic Club, Inc.*, 20 B.R. 328, 331 (E.D.Pa.1982) (findings of fact of the Bankruptcy Court must be affirmed unless clearly erroneous. Moreover, to the extent the injunction is based on conclusions of law, we find such conclusions to be correct. 20 B.R. at 331 (conclusions of law merit plenary review).

The Bankruptcy Court properly recognized the potential harm to FLR, and consequently its creditors, were it forced to defend this action in New York. Such a result in this action could signal similarly-situated mechanic's lienholders in Indiana and Maryland also to seek relief from stay, whereupon FLR would have to defend in those states as well. The costs of defending in these states would further exhaust the financial resources of FLR and, accordingly, diminish the ultimate recovery by its creditors.

The Bankruptcy Court also acted to protect McLean's interests. By the written order in question, McLean was allowed to record the pendency of this claim in New York so as to toll the statutory limitations period. In response to the concerns, which McLean raised before Judge Cosetti and here on appeal, as to the requirements that a complaint and summons accompany the notice of pendency, we find that subsequent actions by Judge Cosetti cured any deficiencies in the written order; he orally permitted the filing of a complaint and service of a summons. Appellant has admitted to this action by Judge Cosetti. Appellant's Brief, p. 21.

The injunction also serves to protect Bethlehem's interests. Bethlehem has indicated a concern that it might have to make double payments to McLean and FLR unless the payment due on its contract with Bethlehem is offset by the amount of money found owing to McLean. Bethlehem's Response to Motion for Relief from Stay, ¶ 7. *See* FLR's Memorandum of Law in Opposition to Motion for Relief from Stay, p. 6 ("[Bethlehem] has consistently maintained that it is willing to pay over any monies owed so long as it does not run the risk of double jeopardy, i.e., paying the Debtor and then being required to pay a mechanic lienor or trust fund beneficiary.") Thus, the Bankruptcy Court noted that Bethlehem has a right to set off. We do not find, as McLean argues, that this statement indicates any loss in priority for any trust fund amounts owing to McLean. It simply recognizes Bethlehem's right to be free from double payment. Therefore, if trust fund amounts are found to exist and also to have priority over FLR's claims against Bethlehem, the Bankruptcy Court is in a position to examine all claims to the Bethlehem funds and determine Bethlehem's liability to McLean and the other mechanic's lienholders first and the remaining amount, if any, owing to FLR, thereby avoiding double payment problems. If,

however, a New York state court was permitted to determine McLean's claims, inconsistent and conflicting results could occur, possibly requiring Bethlehem to make double payments; especially where, as here, McLean does not represent all of the mechanic's lienholders on the Bethlehem funds. For example, a state court determination of the trust fund amount may not be binding upon on the Bankruptcy Court as the Bankruptcy Court would also have to consider the claims of the other mechanic's lienholders whom McLean does not represent. As a result, different trust fund determinations could be made, with Bethlehem having inconsistent obligations to McLean and FLR. Moreover, if the trust fund amount does exceed the amount of the Bethlehem fund, a state court action involving McLean's lien claims, would not resolve the claims of all lienholders involved, and these other lienholders may therefore lose their pro rata share of the trust fund, or Bethlehem could again face problems of double payment, this time with respect to these other lienholders. Thus, by enjoining McLean from foreclosing on its mechanic's liens and keeping all claims to the Bethlehem funds before the Bankruptcy Court, the best protection for all interests is provided.

■ We previously indicated that McLean also questioned the Bankruptcy Court's findings of fact insofar as no finding was made that FLR has an interest in the Bethlehem funds, that the funds were necessary to an effective reorganization, or that adequate protection exists for McLean. We again find no error. The Bankruptcy Court's Order implicitly recognizes that an issue exists as to whether FLR has an interest in the Bethlehem funds. As McLean's motion was based on the claim that FLR has no such interest, the finding of an issue in this regard removes the primary foundation of McLean's claims. This implicit recognition is comparable to a finding that McLean failed to satisfy its burden of proof in demonstrating that FLR has no equity in the Bethlehem funds. *See* 11 U.S.C. § 362(g)(1) (a party requesting relief from stay under § 362(d) has the burden of proof on the issue of the debtor's equity in the property). Moreover, to the extent appellant attempts to shift its argument to one concerning adequate protection, we have already found that the Bankruptcy Court provided protection for appellant's mechanic's liens. Any other result would only serve to undermine the intent of the Bankruptcy Code.

CONCLUSION

It is our opinion therefore that the Order of the Bankruptcy Court, entered May 7, 1986, contained adequate findings of fact to justify the issuance of an injunction, pursuant to 11 U.S.C. § 105(b), reinstating the automatic stay as to McLean. We also hold that the Bankruptcy Court had jurisdiction to enter this order. Both of these conclusions derive from the fact that an issue exists as to the amount of both appellants' and FLR's interest in the Bethlehem funds. We believe that the Bankruptcy Court is best suited to resolve this issue. Accordingly, we will affirm the order of the Bankruptcy Court.

An appropriate order will issue.