## In re SOUTHOLD DEVELOPMENT CORP.

### No. CV 91–2012.

United States District Court,
E.D. New York.

July 10, 1991.

Andrew J. Maloney, U.S. Atty. by Patricia C. Henry, Asst. U.S. Atty., Brooklyn, N.Y., for U.S.

Meltzer, Goldstein & Wolf, P.C. by Ronald Terenzi, Mineola, N.Y., for debtor.

Cadwalader, Wickersham & Taft by Mark Jacobs, New York City, for Creditors' Committee.

Phillips, Nizer, Benjamin, Krim & Ballon by Louis A. Scarcella, Garden City, N.Y., for County of Suffolk, State of N.Y.

Bertram E. Hirsch, Floral Park, N.Y., for Robins Island Preservation Fund, Inc.

### MEMORANDUM AND ORDER

WEXLER, District Judge.

In the above-referenced action, Southold Development Corp., ("debtor"), currently moves the Court to modify its second amended bankruptcy plan, pursuant to 11 U.S.C. § 1127(b).  Suffolk County ("the County") opposes that motion and argues, *inter alia,* that this Court lacks the requisite subject matter jurisdiction over the proposed modification issue.  For the reasons stated below, debtor's motion is denied.

### BACKGROUND

The Court will limit its review of the factual background to those facts necessary for the purposes of the current motion.  On July 20, 1989, debtor filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code in the Eastern District of New York.  Following what can best be described as a problematic bank-

---

ruptcy proceeding, United States Bankruptcy Judge Robert Hall entered an order ("the confirmation order") on May 28, 1991, which confirmed debtor's second amended plan for reorganization ("the plan"). Pursuant to the plan, debtor is to dispose of its sole asset, Robins Island, via a sale to the Robis Corporation ("Robis"). It appears undisputed that this transaction represents the centerpiece of the plan.

The County appealed the confirmation order to this Court on May 31, 1991, and argued, *inter alia,* that the plan failed to account for the County's existing contract with debtor to purchase Robins Island.[1] On June 7, 1991, the County brought an emergency motion which sought a declaration that the plan itself provided for an automatic, or mechanical, stay of the sale of Robins Island to Robis until such time as all appeals of the confirmation order were finally determined. In the alternative, the County sought to obtain a judicial stay pending its appeal. A hearing was then scheduled for June 19, 1991. However, with both sides present before the Court on June 7th, this Court granted the County a temporary stay, based on the language in the plan, pending the June 19th hearing. It is to be noted that debtor consented to that temporary stay.

Following the parties' appearance before this Court on June 7th but prior to the June 19th hearing, debtor returned to the Bankruptcy Court and sought a modification of the plan, which modification would have permitted an immediate sale of Robins Island. In other words, debtor sought to alter the definitional section of the plan so as to remove the automatic stay provided by the plan, thus allowing debtor to close on the sale of Robins Island to Robis despite the pendency of appeals. The Bankruptcy Court ordered debtor's modification on June 14, 1991.

Subsequently, the County sought a determination from this Court that the Bankruptcy Court was without jurisdiction to order the modification. On June 19, 1991,

this Court found that the Bankruptcy Court had no jurisdiction to modify the plan in that such a modification, even if not an express issue on the County's appeal, so impacted the issues on appeal that the Bankruptcy Court was divested of jurisdiction over that issue. *See, e.g., Griggs v. Provident Consumer Discount Co.,* 459 U.S. 56, 58, 103 S.Ct. 400, 402, 74 L.Ed.2d 225 (1982) (per curiam) (citations omitted). Accordingly, this Court found that the modification ordered by the Bankruptcy Court was void. Moreover, this Court found that the plain language of the plan automatically stayed the sale of Robins Island pending appeals. *See* Debtor's Second Amended Plan of Reorganization at §§ 1.26, 1.29, 1.46.

Thereafter, debtor informed this Court that it would seek an interlocutory appeal to the Second Circuit, with this Court's certification of the question, pursuant to 28 U.S.C. § 1292(b). Although this Court was inclined to grant debtor's application, debtor subsequently informed the Court that it would not seek such an order. In lieu of an appeal to the Second Circuit, debtor brought the current motion, and hereby seeks to have this Court modify the plan pursuant to 11 U.S.C. § 1127(b).

### DISCUSSION

According to the Bankruptcy Code:

The proponent of a plan or the reorganized debtor may modify such plan at any time after confirmation of such plan and before substantial consummation of such plan, but may not modify such plan so that such plan as modified fails to meet the requirements of sections 1122 and 1123 of this title.

11 U.S.C. § 1127(b) (1984) ("§ 1127(b)"). For the purposes of this discussion, the Court assumes that debtor's motion to modify the plan complies with the substantive requirements of § 1127(b); to wit, that the plan has not been substantially consummated as that term is defined by 11 U.S.C. § 1101(2), and that the proposed modified

---

1. The Court notes that another appeal of the confirmation order, which sought a stay of the sale of Robins Island, was likewise filed by the Internal Revenue Service, and is pending before this Court.

plan would meet the requirements of 11 U.S.C. §§ 1122 and 1123. Nevertheless, despite a paucity of relevant case law, this Court finds that it is without the requisite jurisdiction to modify debtor's reorganization plan at this time. In a sense, such a holding turns on the distinction between the exercise of a court's original jurisdiction and its exercise of appellate jurisdiction. A brief analysis of this distinction within the bankruptcy setting is instructive for this case.

Pursuant to 28 U.S.C. § 157(a), a district court may refer "any or all proceedings arising under title 11 ... to the bankruptcy judges for the district." Acting on that authority, the Eastern District of New York issued a standing order on August 28, 1986, which serves to automatically refer all bankruptcy cases and proceedings to the bankruptcy judges of the Eastern District. Thus, the Eastern District's bankruptcy courts were given original jurisdiction to hear such cases. It is to be likewise noted that "[t]he district courts of the United States shall have jurisdiction to hear appeals from final judgments, orders, and decrees, and, with leave of the court, from interlocutory orders and decrees, of bankruptcy judges entered in cases ... referred to the bankruptcy judges under section 157 of this title." 28 U.S.C. § 158(a). Thus, the law indicates that when bankruptcy courts are given original jurisdiction by referral, pursuant to 28 U.S.C. § 157(a), the district court which refers the matter, *viz.*, this Court, generally retains only appellate jurisdiction.

Such an interpretation is consistent with 28 U.S.C. § 157(d) ("§ 157(d)"), which provides that the "district court may withdraw, in whole or in part, any case or proceeding referred under this section, on its own motion or on timely motion of any party, for cause shown." *See also* Bankruptcy Rule 5011 (governing procedure for withdrawal of a reference). Consequently, in order to regain original jurisdiction, a district court must withdraw its reference of the case to the bankruptcy court. Absent such a withdrawal, the bankruptcy court retains original jurisdiction and the district court appellate jurisdiction. *See*

*generally* 1 Collier on Bankruptcy para. 3.01 at 3–61 to 3–68 (15th ed.1990).

In the case at bar, the County argues that, upon the filing of its notice of appeal, this Court's appellate jurisdiction was invoked, thus preventing the simultaneous exercise of original jurisdiction which could serve as the basis for a modification of the plan. *See In re Pruitt*, 910 F.2d 1160, 1168 (3d Cir.1990); *cf. Carlton v. BAWW, Inc.*, 751 F.2d 781, 788 and n. 10 (5th Cir.1985). Moreover, the County urges that any attempt by debtor, or by this Court, *sua sponte*, to regain original jurisdiction through a withdrawal of the reference, pursuant to § 157(d), would be untimely. On the other hand, debtor argues that the prior ruling by this Court, which invalidated the bankruptcy court's modification order for want of jurisdiction, implied a "declaration [that] this Court has jurisdiction over a modification of the [p]lan." Debtor's Reply Brief at 4. Alternatively, debtor advances the position that this Court is free to withdraw the reference at any time for good cause shown, and that the potential prejudice to debtor which a failure to modify would create satisfies such a showing.

In addressing the dispute at bar, it must be emphasized that the Court rules without the guidance of any binding precedent. Indeed, as to the issue of a withdrawal of the reference at this point in time, it has been noted that "[w]hat might constitute cause for withdrawal of the reference is unclear, and will have to await judicial development." 1 Collier on Bankruptcy para. 3.01 at 3–63 (15th ed.1990). In point of fact, in the case relied upon by debtor in urging a withdrawal of the reference, the court noted that "[w]hat constitutes 'cause' for withdrawing the reference is not described by statute, legislative history or made clear under case law." *In re American Community Svces., Inc.*, 86 B.R. 681, 686 (D.Utah 1988). Notwithstanding the lack of authority, having discerned certain principles from the available sources, this Court agrees with the County.

First, a finding that this Court is without jurisdiction to order the modification is not inconsistent with this Court's prior ruling

which held that the bankruptcy court lacked jurisdiction to modify the plan. It remains true now, as it was then, that the modification of the plan would substantially affect the issues presented by the County's current appeal. *See Griggs*, 459 U.S. at 58, 103 S.Ct. at 402; *New York State Nat'l Org. for Women v. Terry*, 886 F.2d 1339, 1349 (2d Cir.1989), *cert. denied*, —— U.S. ——, 110 S.Ct. 2206, 109 L.Ed.2d 532 (1990) (noting that the filing of the notice of appeal terminates the lower court's "consideration and control over those aspects of the case" on appeal). However, despite debtor's apparent belief otherwise, the bankruptcy court's lack of jurisdiction did not *ipso facto* result in the ability of this Court to properly order the modification.

Had debtor moved to modify the plan prior to the confirmation order, *or* prior to the filing of the notice of appeal, the current quagmire would have been avoided. Thus, in the Court's view, debtor's resultant inability to modify the plan is due purely to its own action—or inaction. Debtor, along with the creditors' committee, submitted a plan which included the language providing for an automatic stay, and, whether or not this Court sympathizes with debtor's position, the Court currently sits as an appellate court and cannot order the modification absent original jurisdiction.

As discussed above, in order to regain original jurisdiction over the modification issue, the circumstances which generally would warrant a withdrawal of the reference under § 157(d) are anything but clear. However, it has been noted that it "would be unlikely [for the district court] to find cause to withdraw the reference at a late stage in the proceeding...." 1 Collier on Bankruptcy para. 3.01 at 3–63 (15th ed. 1990). Certainly, at a point when this Court exercises its appellate jurisdiction, and following the virtual completion of the bankruptcy plan and its confirmation, it would appear untenable for the Court to withdraw the reference and act pursuant to both its original and appellate jurisdiction.[2]

Debtor argues, given the fact that a modification order is provided for by statute, that to find that neither the bankruptcy court nor the district court is in a jurisdictionally sound position to grant the application amounts to "circular logic." Debtor's Reply Brief at 3. However, rather than seeing the County's position as a hypertechnical argument, this Court views the scenario to be anything but bizarre and inexorable. With respect to appellate procedure, it is quite conceivable that a litigant on appeal would be unable to obtain a remedy, albeit statutorily created, by circumventing the authority of the court of appeals and returning to the district court. In addition, it does not necessarily follow that an appellate court, at an early point in the appeal process, could therefore grant relief merely because the lower court was divested of jurisdiction to do so. In sum, the bankruptcy court in the case at bar was divested of jurisdiction regarding issues on appeal, as well as matters undeniably related to issues on appeal, upon the filing of the notice of appeal. *See Griggs*, 459 U.S. at 58, 103 S.Ct. at 402. With the filing of the notice of appeal, this Court's appellate jurisdiction over the bankruptcy proceeding was invoked, and the modification of the plan is not an issue properly before this Court. Accordingly, debtor's motion for a modification of its bankruptcy plan, pursuant to 11 U.S.C. § 1127(b), is denied.

## CONCLUSION

For the reasons stated above, debtor's motion to modify its second amended reorganization plan, pursuant to 11 U.S.C. § 1127(b), is denied. Consequently, as stated by the Court's prior rulings on the record, the bankruptcy court's modification order is invalid. Furthermore, the confirmation order, without modification, and all its terms and conditions are in effect and will be enforced in accordance with those terms and conditions. Accordingly, the confirmation order, in compliance with the terms of the plan, is stayed pending the

2. Even if a motion to withdraw the reference had been made at an earlier point, it appears that the ultimate issue of withdrawal pursuant to the first sentence of § 157(d) rests in the discretion of the district court. *See* 1 Collier's on Bankruptcy para. 3.01 at 3–64 (15th ed.1990).

appeal of the confirmation order, and no sale, transfer, or other disposition of Robins Island may be effected pending the appeal of the confirmation order.

Finally, the Court notes its view that this order involves a controlling question of law as to which there is substantial ground for difference of opinion, and that an immediate appeal from this order may in fact materially advance the ultimate termination of this litigation. *See* 28 U.S.C. § 1291(b).

SO ORDERED.