**In re STRAWBERRY SQUARE ASSOCIATES, Debtor.**

**Bankruptcy No. 192–13944–352.**

United States Bankruptcy Court, E.D. New York.

March 30, 1993.

Sachs & Kamhi, P.C., by Donald M. Lefari, Carle Place, NY, for debtor.

Leboeuf, Lamb, Leiby, & Macrae by Peter A. Ivanick, New York City, for Metropolitan Life Ins. Co.

DECISION

MARVIN A. HOLLAND, Bankruptcy Judge:

The debtor has objected to a creditor's omnibus motion seeking an order (a) Determining Statutory Notice not Necessary, or Alternatively Shortening Notice of Hearing on Disclosure Statement, (b) Approving Adequacy of Disclosure Statement, (c) Scheduling Hearing on Plan Confirmation, Voting Procedures and Related Items, and (d) Approving Form of Omnibus Notice. For the reasons discussed herein, the court will overrule the debtor's objection to the above omnibus motion, but will not grant the motion in its entirety.

These proceedings are subject to the bankruptcy court's jurisdiction under 28 U.S.C. § 1334(b), 28 U.S.C. § 157(a), and the Order of Referral of Matters to Bankruptcy Judges of this district, 69 B.R. 186. These are core proceedings under 28 U.S.C. § 157(b)(2)(L).

*Facts*

The debtor's sole asset is a parcel of land, most of which is improved by a shopping center, and a portion of which is unimproved and referred to herein as "the outparcel." Metropolitan Life Insurance Company (hereinafter "MetLife") holds a mortgage on the land improved by the shopping center, but has no interest in the outparcel.

MetLife began a foreclosure on the shopping center prior to the filing of this Chapter 11 case and, post-petition, moved to terminate the automatic stay in order to complete its foreclosure proceeding. This court granted MetLife's motion. The debtor appealed the order terminating the automatic stay as to MetLife, and obtained a stay pending appeal from the district court.

The district court reaffirmed the bankruptcy court's order vacating the automatic stay; upon this resolution, the stay pending appeal would have terminated. However, the district court then granted the debtor an additional ten days' stay to allow the debtor time to apply for a stay pending appeal from the Court of Appeals for the Second Circuit. Upon rehearing on February 24, 1993, the district court reaffirmed its own decision and granted the debtor another ten days' stay. The debtor, through its attorney, has informed the

bankruptcy court that it intends to pursue its appeal and seek another stay pending appeal from The Court of Appeals for the Second Circuit.

MetLife reacted at the beginning of this succession of stays by filing a disclosure statement and plan with the bankruptcy court. Neither a plan nor a disclosure statement has yet been filed by the debtor, and its exclusive time period to do so has expired. The plan filed by MetLife provides for the surrender of the shopping center to the secured creditor and the sale of the outparcel to pay all the unsecured debt except for the claim of a management company run by the debtor's principals.

The debtor's objection to MetLife's omnibus motion now under consideration is that the bankruptcy court lacks jurisdiction to make any ruling regarding the debtor's property which would have the effect of avoiding or bypassing the stay, which is the subject of the appeal.

*Law*

In general, the § 362 automatic stay gives the debtor a breathing spell from creditors and protects the debtor from acts of creditors to collect on their claims outside of the bankruptcy process. It also protects creditors by insuring an "orderly liquidation procedure under which all creditors are treated equally." H.R. 8200, 95th Cong., 1st Sess. (1977) pp. 340–344. The automatic stay enjoins creditors from, among other things, continuing or commencing lawsuits against the debtor, enforcing judgments, or engaging in any act to obtain possession of property of the estate or exercise control over it, except as provided for in the Bankruptcy Code. 11 U.S.C. § 362.

■ To the extent the stay is terminated by the court as to a particular creditor, that creditor may proceed to collect on his or her debt. Even if an appeal is filed, the creditor may proceed. Furthermore, if the collection process results in a sale of property, the appeal becomes moot. 11 U.S.C. § 363(m). The only way the debtor can avoid this situation is by obtaining a stay pending appeal. F.R.B.P. 8005.

■ An appeal divests the lower court of jurisdiction regarding those issues under appeal. *In re Bialac,* 694 F.2d 625 (9th Cir.1982); *In re Southold Development Corporation,* 129 B.R. 18 (E.D.N.Y.1991); *In re Standard Building Associates, Ltd.,* 85 B.R. 644 (Bankr.N.D.Ga.1988); *Matter of Urban Development,* 42 B.R. 741 (Bankr.M.D.Fla.1984). "The purpose of this rule is to avoid confusion and waste of judicial time by placing the same matter before two courts at the same time. Further, the rule is designed to assure the integrity of the appeal process." *In re Fargo Financial, Inc.,* 71 B.R. 702, 704 (Bankr.N.D.Ga.1987). (cite omitted.)

■ For example, a bankruptcy court may not enjoin a foreclosure sale when an order vacating the stay to permit the foreclosure sale has been appealed to the district court, and that court has denied a stay pending appeal. Enjoining the foreclosure sale under these circumstances would constitute an interference "with the appeal process and with the jurisdiction of the appeal court." *Urban Development,* 42 B.R. at 743.

■ Nor may the bankruptcy court exercise jurisdiction over those issues which, although not themselves on appeal, nevertheless so impact those on appeal as to effectively circumvent the appeal process. *Southold Development Corporation,* 129 B.R. at 19. In *Southold Development,* an order confirming the debtor's plan was appealed and the district court granted a stay pending appeal. The debtor then asked permission of the bankruptcy court to modify the plan by removing one of the provisions in dispute. Since the issues on appeal concerned whether the plan should have been confirmed in the first place, not whether it could be modified, the bankruptcy court granted the debtor's motion and permitted the modification. The district court reversed, commenting that the bankruptcy court had no jurisdiction to grant an order the effect of which would be to circumvent the authority of the appellate court. *Id. But cf. In re Munson Geothermal, Inc.,* 982 F.2d 360 (9th Cir.1992) (dis-

missing appeal of order of confirmation as moot after plan modified and appeal on modified plan decided by another court).

■ An appeal does not, however, deprive the bankruptcy court of jurisdiction over other aspects of the case. Doing so would freeze the case at the procedural posture reached when the appeal was filed, and would inure unjustly to the benefit of any party whose interests were furthered by delay. "[T]he bankruptcy judge may suspend or order the continuation of other proceedings in the case under the Code, or make any other appropriate order during the pendency of an appeal on such terms as will protect the rights of all parties in interest." F.R.B.P. 8005. Although the bankruptcy court in *Urban Development* did not have jurisdiction to enjoin the foreclosure sale, it did retain jurisdiction to consider the sale of the property by the debtor, because the issues involved in the ruling to vacate the stay were sufficiently distinct from those to be considered in sale of the property free and clear of liens. *Urban Development,* 42 B.R. at 745.

### Discussion

■ The debtor herein argues that the bankruptcy court has no jurisdiction over the issues involved in the creditor's motion because:

(i) by filing a plan, the creditor is seeking an alternate method of obtaining the same result, foreclosure of the subject property, which has been stayed by the district court,

(ii) confirmation of MetLife's plan would render the appeal and debtor's proposed plan moot, and

(iii) would constitute a violation of the automatic stay and the stay pending appeal.

This court finds no merit in the above arguments for the following reasons:

1. Consideration of MetLife's plan does not put the same matter before two courts at the same time. In addressing the creditor's plan, the bankruptcy court would not be deciding issues properly before the district court. The issues to be considered as prerequisite to confirmation of the *creditor's* plan are the requirements listed in 11 U.S.C. § 1129, none of which coincide with any of the § 362 stay issues which the debtor may have asserted as a basis for its appeal: lack of adequate protection, lack of equity, and lack of need to preserve the property for an effective reorganization *by the debtor.* The issues involved in determining whether the debtor can effectively reorganize, are different from those regarding the confirmability of a creditor's plan proposed after the debtor's exclusive period to do so has expired.

2. MetLife's motion constitutes no threat to the integrity of the appeal process; confirmation of MetLife's plan would not serve as a substitute for the appeal of the order vacating the stay, nor would it circumvent the authority of the appellate court. Indeed, the outcome of the appeal is irrelevant to the creditor's right to file a plan. Once a debtor has failed to file a plan within the 120–day exclusive period, any creditor may file one of its own. 11 U.S.C. § 1121(c). The creditor need not move to vacate the automatic stay beforehand, because filing a plan is not one of the actions enjoined by a § 362 stay. 11 U.S.C. § 362. Since the stay does not impact a creditor's right to file a plan, neither can the absence of a stay nor the appeal of an order vacating the stay, have any effect on the creditor's exercise of this statutory right.

3. The fact that confirmation of the creditor's plan might moot the appeal is not controlling. If sale of the subject property under § 363, which would also moot the current appeal, does not compromise the integrity of the appellate process, there does not appear to be any reason why sale of the property pursuant to a confirmed plan should do so. 11 U.S.C. § 363(m).

4. A stay pending appeal is designed to keep an appellant's position from eroding while the issues on appeal are decided; however, such a stay should not operate to give an appellant a tactical advantage it would not have enjoyed had it been successful in the lower court. Barring Met-

Life from filing a plan would, in effect, allow this debtor an extension of the exclusive time to file its own plan without ever having requested such an extension. 11 U.S.C. § 1121(d). This would give the debtor greater relief than it could have obtained, had it successfully defended against the motion to vacate the stay in the first place.

This court concludes that it has jurisdiction to consider the creditor's plan for confirmation because doing so does not circumvent the authority of the appellate court nor amount to a substitute for the appeal, and is proper, whether or not the debtor is ultimately successful on appeal.

The court will grant such portions of MetLife's motion as allow it to submit a disclosure statement, plan, and order setting a hearing to consider the adequacy of the disclosure statement on proper notice. All other portions of MetLife's motion will be denied.

MetLife is directed to settle an order consistent with this decision.