In re FBI DISTRIBUTION, CORP.,
and FBC Distribution, Corp.,
Debtors.

Needham Street Investment
Trust, Appellant,

v.

FBI Distribution, Corp., and FBC
Distribution, Corp.,
Appellees.

BAP No. MB 01–027.
Bankruptcy Nos. 99–16984,
99–16985 WCH.

United States Bankruptcy Appellate Panel
of the First Circuit.

Oct. 1, 2001.

Cathy Hershcopf, Kronish, Lieb, Weiner & Hellman, New York City, Joseph S.U. Bodoff, Bodoff & Associates, Boston, MA, for Official Unsecured Creditors' Committee.

Stephen E. Shamban, Stephen E. Shamban Law Offices, P.C., Braintree, MA, for Needham Street Investment Trust.

John T. Morrier, Mintz, Levin, Cohn, Ferris, Glovsky and Popeo, P.C., Boston, MA, for FBI Distribution Corp.

VAUGHN, CARLO & DEASY, United States Bankruptcy Appellate Panel Judges.

**ORDER**

FBI Distribution Corp., f/k/a Filene's Basement, Inc., FBC Distribution Corp. f/k/a Filene's Basement Corp. (the "Debtors" and "Appellees") and Needham Street Investment Trust (the "Appellant") have filed a Joint Motion for Approval of Stipulation for Dismissal dated August 23, 2001 (the "Motion"). The Motion seeks approval of the terms of a Stipulation of Dismissal and Settlement entered into by the Appellant, the Appellees and the Official Committee of Unsecured Creditors of the Debtors (the "Committee") on August 17, 2001 (the "Settlement"). The terms of the Settlement include (i) the payment of $15,000.00 to the Appellant by the Appellees in full satisfaction of all claims, (ii) the dismissal of this appeal, (iii) the retention by the Appellant of $39,611.25 previously paid to it in satisfaction of its May 2000 claim, (iv) the Appellant's withdrawal of all other claims and its objection to the Debt-

ors' determination of the amount necessary to cure arrearages under a certain real estate lease, (v) an exchange of mutual releases by and among the Appellant, Appellees and the Committee and (vi) the preservation of the Appellant's rights against a third party who acquired a leasehold interest with the approval of the bankruptcy court. In the Motion the parties are requesting this Panel to approve the Settlement and then dismiss the appeal.

■ The general rule is that once a notice of appeal has been filed, the lower court loses jurisdiction over the subject matter of the appeal. Since the filing of a notice of appeal is an event of jurisdictional significance, the bankruptcy court no longer has control over those aspects of the case involved in the appeal. Accordingly, the parties could not have filed a motion for approval of the Settlement in the bankruptcy court because that court has no jurisdiction to consider approval of the Settlement. *See Aetna Casualty and Surety Co. v. Markarian (In re Markarian),* 228 B.R. 34, 47 (1st Cir. BAP 1998) (after the filing of a timely and sufficient notice of appeal jurisdiction is immediately transferred from the bankruptcy court to the appellate court with respect to any matters involved in the appeal).

An agreement to dismiss, standing alone, presents no issue and the clerk of the Bankruptcy Appellate Panel may enter an order dismissing the appeal. *See* Fed. R.Bankr.P. 8001(c)(2). However, the agreement to dismiss this appeal is contingent upon approval of the Settlement and the timely implementation of the terms of the Settlement by the parties. The approval of the Settlement will require notice to persons who are not parties to this appeal, the potential need to develop a factual record, and the necessity for a court to make necessary findings of fact and rulings of law. Such approval is more appropriately made at the trial court level.

Therefore, the Settlement is remanded to the bankruptcy court for its consideration, after notice and a hearing. When the bankruptcy court's order approving or disapproving the Settlement becomes final, the Appellant shall file a certificate to that effect with this Panel and the Panel shall then consider the Motion. Subject to further order of this Panel, this appeal is stayed until such time as the Panel acts on the Motion.

**SO ORDERED.**