WHISPERING PINES ESTATES, INC. D/B/A The Pines at Edgewood Centre and Ami–Burlington, Inc. D/B/A The Anchorage Inn, Debtors.

Whispering Pines Estates, Inc. D/B/A The Pines at Edgewood Centre, Appellant,

v.

Flash Island, Inc., Appellee.

BAP No. NH 07–002.
Bankruptcy Nos. 05–56003–MWV, 05–56004–MWV.

United States Bankruptcy Appellate Panel of the First Circuit.

June 15, 2007.

Robert J. Keach, Esq., Jennifer Rood, Esq., and Jessica A. Keating, Esq. on brief for Appellant.

William S. Gannon, Esq. on brief for Appellees.

Before HILLMAN, ROSENTHAL and SOMMA, United States Bankruptcy Appellate Panel Judges.

HILLMAN, Bankruptcy Judge.

Whispering Pines Estates, Inc. d/b/a The Pines at Edgewood Centre ("Whispering Pines" or "Debtor") has appealed two orders to the Panel.[1] The first appeal is of the bankruptcy court's October 23, 2006 order confirming the First Amended Plan of Reorganization of Flash Island, Inc. ("Confirmation Order"). The Debtor's second appeal is of the bankruptcy court's December 28, 2006 order granting Flash Island Inc. ("Flash Island") relief from the automatic stay ("Stay Relief Order"). The Panel granted the motion of Whispering Pines to consolidate both appeals on March 19, 2007. This opinion will only address the issues presented in Whispering Pines' appeal of the Stay Relief Order.[2] The initial question presented in that appeal is whether the bankruptcy court had jurisdiction to enter the Stay Relief Order while the Confirmation Order was on appeal. Because we conclude that it did not, the Panel reverses the Stay Relief Order.

## BACKGROUND

Whispering Pines, the operator of a residential assisted living facility in Portsmouth, New Hampshire, filed a Chapter 11 case on November 16, 2005. Since that time, Whispering Pines has operated its business as a debtor-in-possession and continued to use cash collateral subject to the liens of Flash Island as authorized by the court. Flash Island is a secured creditor holding two mortgage loans against Whispering Pines' real estate ("Property"). Flash Island filed a First Amended Liquidating Plan of Reorganization dated May 23, 2006. Among other things, the Flash Island Plan provided for the appointment of a liquidating trustee to sell the Property.

With respect to the proposed sale of the Property, the Flash Island Plan provided that the Trustee could at his option retain a real estate broker to assist with the sale of the Property during the marketing period, and established a marketing budget for the appointed trustee. The "marketing period" for the Property was defined to be the period between the effective date of the Flash Island Plan and the 60th day thereafter. A "forbearance period" for the Property was defined to include the marketing period, and the period between the date of an agreement for the sale of the property and September 1, 2006. The Flash Island Plan further specified a minimum acceptable offer as $1,700,000 for the purchase of the Property, the establishment of a minimum carve-out in the amount of $40,000 for the payment of expenses and fees of professionals, as well as certain claims, and for the sale of the Property pursuant to § 363 of the Bank-

---

1. The underlying bankruptcy cases of Whispering Pines and AMI–Burlington, Inc. d/b/a The Anchorage Inn ("AMI–Burlington") are jointly administered. AMI–Burlington is not a party to this appeal.

2. A separate opinion will issue with respect to the Debtor's appeal of the Confirmation Order.

ruptcy Code, should the Trustee receive and accept an acceptable offer.[3]

The Flash Island Plan also provided Flash Island with relief from the automatic stay to complete the sale of the Property, and the right to exercise its remedies under the loan documents at the end of the forbearance period without need of further court order or approval, should the Property not be sold by that time. The Flash Island Plan established that the plan would become effective on the later of the 30th day following the date (1) the order confirming the plan became final, or (2) on which all of certain conditions precedent were satisfied or waived. The conditions precedent were defined to be (1) the entry of the confirmation order, and (2) the entry of a final decree that reserved jurisdiction to the extent provided for in the plan. Whispering Pines objected to Flash Island Plan, and proposed its own plan, which it subsequently withdrew.[4] After the confirmation hearing on July 21, 2006, the court took the confirmation of the Flash Island Plan under advisement.

On October 23, 2006, the bankruptcy court entered the Confirmation Order and an memorandum opinion in support of same. *See In re Whispering Pines Estate, Inc.,* Slip Opinion, 2006 WL 3248134 (Bankr.D.N.H.). The Confirmation Order contained recitals and provisions approving the Flash Island Plan, and also included the following special provisions which modified the Flash Island Plan: (1) the appointment of a Chapter 11 trustee responsible for implementing the plan, and (2) the extension of the outside sale date of the Property from September 1, 2006 to October 1, 2006.[5] Whispering Pines timely appealed the Confirmation Order to this Panel on October 27, 2006.

While confirmation of the Flash Island Plan was pending, Flash Island filed a motion for relief from the automatic stay on October 11, 2006, in which it sought permission to exercise its remedies under the loan documents and foreclose its liens against the Property ("Stay Relief Motion"). The Debtor objected to the court's jurisdiction to consider the Stay Relief Motion. The Debtor also objected on the basis that, even if the court did have jurisdiction to consider the Stay Relief Motion, its ongoing payments to Flash Island provided Flash Island with adequate protection, and that there remained an equity cushion in the Property. At its hearings on November 14, 2006 and December 6, 2006, the court indicated at the outset that it believed it retained jurisdiction to consider the Stay Relief Motion. In its written opinion of December 28, 2006, with respect to the jurisdictional issue raised by the Debtor, the court held:

> While the Court acknowledges that a timely appeal divests the Court of jurisdiction over the matters under appeal, the Court ruled from the bench on December 6, 2006, that the subject matter of the two motions was different from

---

**3.** References to sections in the Bankruptcy Code shall be to the Bankruptcy Reform Act of 1978, as amended by the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005, Pub.L. No. 109–8, 119 Stat. 23, 11 U.S.C. § 101, *et seq.,* unless otherwise noted herein.

**4.** Whispering Pines alleged that the Flash Island Plan was inadequate, *inter alia,* due to its limited provisions for the sale of the Property, feasibility of the proposed sale and violation of § 1129(a)(9) in its treatment of priority and secured tax claims. Whispering Pines' objections, the adequacy of the Flash Island Plan and competing confirmation process will be further addressed in the separate opinion concerning the appeal of the Confirmation Order.

**5.** Flash Island further extended this date to December 15, 2006 by its filing with the bankruptcy court on October 25, 2006.

the matter under appeal, and, thus, the Court had jurisdiction to hear and rule on the two motions. Specifically, the appeal questioned whether the requirements of section 1129 were met, allowing the Flash Island plan to be confirmed, not whether a Chapter 11 trustee should be appointed or relief from the automatic stay granted.

*In re Whispering Pines Estate, Inc.*, Slip Opinion, 2006 WL 3833450, at *1 (Bankr. D.N.H.) (footnote omitted). The court also concluded that the Debtor's inability to adequately refinance was sufficient to support Flash Island's burden of showing lack of adequate protection, and that the Debtor had not demonstrated the likelihood that its reorganization was in prospect. Together with its findings, the bankruptcy court then entered the Stay Relief Order, and found it unnecessary to rule on the motion to appoint a Chapter 11 trustee. Whispering Pines promptly appealed the Stay Relief Order, on January 5, 2007.

In light of a foreclosure sale of the Property scheduled for April 10, 2007, the Panel granted the Debtor's expedited request for oral argument with respect to the consolidated appeals. Following oral argument on April 4, 2007, an order was entered staying the Stay Relief Order pending further action by the Panel.[6]

### POSITIONS OF THE PARTIES

With respect to its appeal of the Stay Relief Order, Whispering Pines argues in the first instance that the bankruptcy court lacked jurisdiction over the Stay Relief Motion while the Debtor's appeal of the Confirmation Order was pending before the Panel. Alternatively, Whispering Pines argues that the granting of the Stay

Relief Motion violated §§ 1141 and 1144 of the Bankruptcy Code, or that the Stay Relief Order was an impermissible revocation of the Flash Island Plan due to its position that the terms of the Stay Relief Order contradicted the terms of the Flash Island Plan. Finally, even were the bankruptcy court to have had jurisdiction to consider the Stay Relief Motion, Whispering Pines argues that the bankruptcy court erred in finding that Flash Island had successfully demonstrated cause for relief as required under § 362 of the Bankruptcy Code.

Flash Island disputes all of these allegations, contending that the bankruptcy court retained jurisdiction to adjudicate the Stay Relief Motion, that the previously confirmed Flash Island Plan did not bar it from pursuing the Stay Relief Motion and that the court did not abuse its discretion in finding that cause existed to grant the Stay Relief Motion. Flash Island also contends that Whispering Pines is precluded from arguing on appeal that the Stay Relief Order was an impermissible revocation of the Flash Island Plan because Whispering Pines had not raised that issue in the bankruptcy court.

### JURISDICTION

■ A bankruptcy appellate panel may hear appeals from "final judgments, orders and decrees [pursuant to 28 U.S.C. § 158(a)(1)] or with leave of the court, from interlocutory orders and decrees [pursuant to 28 U.S.C. § 158(a)(3)]." *Fleet Data Processing Corp. v. Branch (In re Bank of New England Corp.)*, 218 B.R. 643, 645 (1st Cir. BAP 1998). A bankruptcy judge's order is final if it completely resolves all of the issues pertaining to a

---

**6.** The bankruptcy court and the Panel had each previously denied Whispering Pines' application for a stay pending appeal. A stay was issued following oral argument, however, based on the Panel's renewed concerns with the bankruptcy court's jurisdiction to consider the Stay Relief Motion and enter the Stay Relief Order.

discrete claim. *See Caterpillar Fin. Servs., Corp. v. Braunstein (In re Henriquez )*, 261 B.R. 67, 70 (1st Cir. BAP 2001); *Tringali v. Hathaway Machinery Co., Inc.*, 796 F.2d 553, 558 (1st Cir.1986) (citing *In re American Colonial Broad. Corp.*, 758 F.2d 794, 801 (1st Cir.1985)). In this case, the Stay Relief Order is a final appealable order. *See Tringali*, 796 F.2d at 557–58.

## STANDARD OF REVIEW

■ Reviewing courts generally apply the clearly erroneous standard to findings of fact and de novo review to conclusions of law. *See T.I. Fed. Credit Union v. DelBonis*, 72 F.3d 921, 928 (1st Cir.1995); *Western Auto Supply Co. v. Savage Arms. Inc. (In re Savage Indus., Inc.)*, 43 F.3d 714, 719–20 n. 8 (1st Cir.1994). Where the issue on appeal is essentially one of statutory interpretation, the Panel reviews the issue de novo. *See Vicenty v. San Miguel Sandoval (In re San Miguel Sandoval )*, 327 B.R. 493, 506 (1st Cir. BAP 2005) (citing *Jeffrey v. Desmond*, 70 F.3d 183, 185 (1st Cir.1995)). Interpretation of the provisions of the Bankruptcy Code is subject to *de novo* review. Whether the bankruptcy court had subject matter jurisdiction is a legal question subject to *de novo* review.

■ Decisions involving a bankruptcy court's discretion are reviewed for abuse. *See Beal Bank, S.S.B. v. Waters Edge Ltd. P'ship*, 248 B.R. 668, 677–78 (D.Mass.2000) (citing *Patriot Portfolio, LLC v. Weinstein (In re Weinstein )*, 164 F.3d 677, 687 (1st Cir. 1999), *cert. denied*, 527 U.S. 1036, 119 S.Ct. 2394, 144 L.Ed.2d 794 (1999)). The ultimate decision to enter an order lifting stay therefore is reviewed for abuse of discretion. *See id.; see also Soares v. Brockton Credit Union (In re Soares )*, 107 F.3d 969, 973 n. 4 (1st Cir.1997) (citing *Tringali*, 796 F.2d at 561). The lower court abuses its discretion if it ignores "a material factor deserving of significant weight," relies upon "an improper factor" or makes "a serious mistake in weighing proper factors." *Bright v. Washington Mutual Bank (In re Bright )*, 338 B.R. 530, 534 (1st Cir. BAP 2006) (quoting *Indep. Oil & Chem. Workers of Quincy Inc. v. Procter & Gamble Mfg. Co.*, 864 F.2d 927, 929 (1st Cir.1988)). To the extent that these decisions are based upon factual findings, however, such findings are "clearly erroneous when, although there is evidence to support it, the reviewing court is left with the definite and firm conviction that a mistake has been committed." *Gonzalez–Ruiz v. Doral Fin. Corp. (In re Gonzalez–Ruiz )*, 341 B.R. 371, 375 (1st Cir. BAP 2006).

## DISCUSSION

■ It is well established that the filing of a notice of appeal is an event of jurisdictional significance in which a lower court loses jurisdiction over the subject matter involved in the appeal. *See Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58, 103 S.Ct. 400, 74 L.Ed.2d 225 (1982); *Needham Street Inv. Trust v. FBI Distrib. Corp. (In re FBI Distrib. Corp.)*, 267 B.R. 655, 656 (1st Cir. BAP 2001) (citing *Aetna Casualty and Surety Co. v. Markarian (In re Markarian )*, 228 B.R. 34, 47 (1st Cir. BAP 1998)). The purpose of the general rule is to avoid the confusion of placing the same matter before two courts at the same time and preserve the integrity of the appeal process. *See In re Strawberry Square Assoc.*, 152 B.R. 699, 701 (Bankr.E.D.N.Y.1993); *Urban Dev. Ltd., Inc. v. Hernando New York Assoc. (In re Urban Dev. Ltd., Inc.)*, 42 B.R. 741, 744 (Bankr.M.D.Fla.1984).

This Panel has consistently applied the general rule. In *Markarian*, the Panel reversed the bankruptcy court's approval of a settlement agreement and dismissal

entered while an appeal of the bankruptcy court's order granting summary judgment in the same action was pending. 228 B.R. at 47. The Panel found that the bankruptcy court's actions were improper because it lacked jurisdiction over the matters on the merits once the appeal had been taken. *Id.; see also Muessel v. Pappalardo (In re Muessel )*, 292 B.R. 712, 717 (1st Cir. BAP 2003). Similarly, in *FBI Distribution,* the Panel, citing the rule that it had articulated in *Markarian,* ruled that the bankruptcy court lacked jurisdiction to approve a settlement which was the subject of a pending appeal. *FBI Distribution,* 267 B.R. at 656. In that case, although the Panel determined that it properly had jurisdiction, it remanded the settlement to the bankruptcy court for consideration since it found the court best positioned to make necessary findings and develop a factual record in connection with the settlement. *Id.*

As courts have noted, however, a bankruptcy case typically raises a myriad of issues, many totally unrelated and unconnected with the issues involved in any given appeal. *See Urban Development,* 42 B.R. at 744. The application of a broad rule that a bankruptcy court may not consider any request filed while an appeal is pending has the potential to severely hamper a bankruptcy court's ability to administer its cases in a timely manner. *See Sullivan Central Plaza I, Ltd. v. BancBoston Real Estate Capital Corp. (In re Sullivan Central Plaza I )*, 935 F.2d 723, 727 (5th Cir.1991); *Strawberry Square Assoc.,* 152 B.R. at 701. As a result, some bank-

ruptcy courts have determined that they do retain jurisdiction over matters presented subsequent to an appeal where the appeal concerns unrelated aspects of the case.[7] *See Sullivan Central Plaza I,* 935 F.2d at 727.

Determining what is related and unrelated to the pending appeal in a bankruptcy case, however, is not always a simple task. *Id.* at 743–44. This can be seen, for example, by the issues considered by the court in *Urban Development.* In that case, a debtor filed a two-count adversary complaint shortly after the debtor's appeal of an order granting relief from the automatic stay. *Id.* at 743. In the complaint, the debtor sought to enjoin a foreclosure sale and obtain permission to sell the property pursuant to § 363 of the Bankruptcy Code. *Id.* at 742–43. The creditor objected to each count on the basis that the court lacked jurisdiction over the issues once the appeal had been taken. *Id.* at 743. With respect to the first count, the court declined to act, finding that the requested injunction of the foreclosure sale would directly interfere with the pending appeal of the order granting relief from the automatic stay, as that order had specifically resolved the creditor's right to proceed and foreclose its mortgage lien. *Id.* at 744. Because an injunction of the foreclosure sale would implicate the very right the creditor had obtained in the order granting relief from stay, the court found that it lacked jurisdiction to consider the requested injunctive relief. *Id.*

On the other hand, with respect to the second count, the *Urban Development*

---

7. The First Circuit law regarding the handling of motions under Rule 60(b) of the Federal Rules of Civil Procedure (applicable to bankruptcy proceedings by Fed. R. Bankr.P. 9024) by lower courts while appeals are pending, as this Panel has previously noted, is well established. *See Eastern Savings Bank v. LaFata (In re LaFata )*, 344 B.R. 715, 721 (1st Cir. BAP 2006) (citing *Commonwealth of Puerto Rico v. The SS Zoe Colocotroni,* 601 F.2d 39, 42 (1st Cir.1979)). However, the limited exception to appellate jurisdiction for Rule 60(b) motions is not applicable in this case, since the motion at issue is not one for relief under Rule 60(b), but one under § 362 of the Bankruptcy Code.

court found that it did have jurisdiction to consider the debtor's other request for permission to sell the property free and clear of liens as provided for under § 363 of the Bankruptcy Code. *Id.* at 745. With respect to the proposed sale of the property under § 363, the court reasoned that the issues involved in the stay litigation appeal, which the court narrowly defined to be the lack of adequate protection, lack of equity and lack of need to preserve the property for any effective reorganization, were wholly separate from whether the debtor could sell certain property of the estate free and clear as authorized by § 363, which only involved meeting one of the pre-conditions in that section. *Id.*

The bankruptcy court in this case, similarly, while acknowledging the general rule that the pending appeal of the Confirmation Order divested it of jurisdiction, determined that it retained jurisdiction over issues it considered not to be involved in the appeal. *See Whispering Pines Estate,* 2006 WL 3833450, at *1. In connection with this determination, the bankruptcy court found that the issues involved in deciding whether to grant relief from the automatic stay or appoint a Chapter 11 trustee were wholly distinct from the specific issues involved in the appeal of the Confirmation Order, which it deemed only to concern the confirmation requirements of § 1129 of the Bankruptcy Code. *Id.*

After careful review and consideration of the record, briefs and arguments submitted in this matter, the Panel disagrees with the conclusion of the bankruptcy court that it had jurisdiction over the Stay Relief Motion. We find this to be the case because we find the subject matter under the appeal of the Confirmation Order so closely related to the Stay Relief Motion that the entry of the Stay Relief Order impermissibly interfered with the Debtor's rights in its appeal. As such, we find that

the bankruptcy court's decision contravenes the generally recognized rule of appellate jurisdiction and our previous decisions recognizing this rule.

That the subject matter of the appeal concerning the Confirmation Order and that considered in the Stay Relief Motion are intimately related can be seen by an examination of the terms and purposes of each. The Confirmation Order, by its very terms, approved the Flash Island Plan providing for the sale of the Property, appointed a specific Chapter 11 trustee, and set a purported outside sale date for the Property, along with defining the time periods for the sale to occur. The Flash Island Plan also provided Flash Island with relief from the automatic stay in the event the Property was not sold by a particular date. The appeal of the Confirmation Order further challenges a proposal for the sale of the Property. That Flash Island sought and obtained permission to foreclose the Property by the Stay Relief Motion is inconsistent with the terms of the sale proposed by Flash Island in its own plan.

■ More so, once an appeal is pending, it is imperative that a lower court not exercise jurisdiction over those issues which, although not themselves expressly on appeal, nevertheless so impact the appeal so as to interfere with or effectively circumvent the appeal process. *See Strawberry Square Assoc.,* 152 B.R. at 701 (citing *In re Southold Dev. Corp.,* 129 B.R. 18, 19 (E.D.N.Y.1991)); *Urban Devel.,* 42 B.R. at 743. In considering whether it had jurisdiction to consider a creditor's motion for relief from the stay while a debtor was appealing an order denying confirmation of her plan, a bankruptcy court noted the following:

We conclude that we do have the power to deal with the matter raised by the creditor, because it does not affect the

question which is presented to the appellate court, *providing, of course, that any relief which we may grant does not impinge upon that question.*

*In re Hardy*, 30 B.R. 109, 111 (Bankr. S.D.Ohio 1983) (emphasis added). That court ultimately concluded that it would not be just to grant the alternative relief sought by the creditor, as that would effectively deprive the debtor of the right to an appeal. *Id.*

Similarly, a district court reversed a bankruptcy court's decision to allow the debtor to modify its confirmed plan while the creditor's appeal of the order confirming plan was pending, finding that the court had no jurisdiction to so modify the plan. *See Southold Devel. Corp.*, 129 B.R. at 19. The modification sought by the debtor in that case would have modified the debtor's Chapter 11 plan such that it could immediately sell its sole asset to the proposed purchaser, a transaction which was also the centerpiece of the Chapter 11 plan. *Id.* That court noted that "such a modification, even if not an express issue on the County's appeal, so impacted the issues on appeal that the Bankruptcy Court was divested of jurisdiction over that issue." *Id.* (citing *Griggs*, 459 U.S. at 58, 103 S.Ct. 400). This case presents a similar situation to that the district court considered in *Southold Development Corp.* In essence, Flash Island, by the Stay Relief Motion, was seeking a modification of the stay to allow for the immediate foreclosure sale the Property, even though the proposed sale of the Property under the terms detailed in the Flash Island Plan, was on appeal. The Panel finds that the entry of the Stay Relief Order so directly impacts this appeal that the bankruptcy court was divested of jurisdiction over that issue, and therefore its entry was improper.

It must be noted that while the reasoning of the courts such as *Urban Development* and *Strawberry Square Associates*, in ultimately finding jurisdiction to consider certain matters subsequent to an appeal in each case, closely follow the reasoning of the bankruptcy court in this case, we find those cases distinguishable. In each of those cases, as the bankruptcy court did in this case, the courts defined the issues under the appeal narrowly. In *Strawberry Square Associates*, the court found that the consideration of the creditor's plan did not interfere with the debtor's appeal of the order granting relief from stay, even though the creditor's plan also provided for a sale of the subject property. *See* 152 B.R. at 702. In *Urban Development*, the court found that the allowance of a motion for sale of property under § 363 was sufficiently distinct from debtor's appeal of the order granting relief from stay, even though the same property was scheduled for an imminent foreclosure sale. *See* 42 B.R. at 744–45.

However, although we find the question of whether the appeal was related to the subject matter of the relief requested in each case a closer question than those courts did, the granting of the relief requested in each of the foregoing cases did not immediately impact the pending appeal as did the entry of the Stay Relief Order in this case. In those cases, the creditor's foreclosure was already pending by virtue of the previous relief granted, and the subsequent request did not directly interfere with the granting of that previous relief. By contrast, in this case, the entry of the Stay Relief Order in this case allowed for Flash Island's immediate foreclosure of the Property, which directly implicated the matter under the appeal of the Confirmation Order.

 As this Panel articulated in *Markarian*, the general rule is that once a

notice of appeal has been filed, the lower court loses jurisdiction over the subject matter of the appeal and those aspects of the case involved in the appeal. *See* 228 B.R. at 47 (quoting Moore's Federal Practice, 2d ed. ¶ 203.11, at 734–36); *FBI Distrib.*, 267 B.R. at 656. Subject matter is not limited to the issues specifically defined in the appeal, but includes all of those matters that can directly affect the outcome of the appeal. In this case, it cannot be said that the entry the Stay Relief Order had a benign effect on the pending appeal. To the contrary, its entry directly interfered with the appeal process by allowing for an immediate foreclosure sale of the Property. Based on the foregoing, under the rule articulated in *Markarian* and other cases, the Panel concludes that the bankruptcy court did not have jurisdiction to consider the Stay Relief Motion and enter the Stay Relief Order while the appeal of the Confirmation Order was pending. Since the Panel so concludes, we decline to address the other issues raised in the appeal with respect to the Stay Relief Order.

## CONCLUSION

Because the Panel concludes that the bankruptcy court did not have jurisdiction to enter the Stay Relief Order while the Confirmation Order was on appeal, the Panel REVERSES the Stay Relief Order.